## H. S. EVANS vs. ANDREW CLARK.

*Error from Wilcox Circuit Court*—Before the Hon. P. T. HARRIS.

———◆———

A jury have not a right to allow the legal interest of this state on a note shown to have been given in South Carolina; but if the plaintiff would recover interest on such a note, he should show what is the legal interest in South Carolina.

This cause was submitted without argument. The following is the opinion of the court:

By Mr. Chief Justice SAFFOLD:

Clark sued Evans in the Circuit Court, on a note dated "Cheraw, Oct. 8th, 1829." The defendant introduced a witness who said he knew a place of that name in South Carolina, but none in this state.

The defendant moved the court to charge the jury, that if they believed from the testimony, that the note was made in South Carolina, they could give no interest without proof that such contracts carry interest in that state. This instruction was refused by the court. The record also shows, that no other testimony was introduced.

The refusal of the court to give the instructions requested, is the cause assigned for error.

Whether it was competent for the jury, with or without the instructions of the court, to allow what they considered reasonable *damages* for the detention of the debt, is not a question now presented. If, proceeding on the principles of the common law, and the presumption that there was no other in South Carolina, none being shown, the Judge on refusing

to charge as requested, had instructed the jury that they could, with or without parol evidence of the value of money in that state, give the plaintiff, besides the amount of principal due, such rate of interest by way of damages, for the detention of the money, as they considered reasonable and just—the question thereby presented, would have been *res integra* in this court ; and one on which of course, we now intimate no opinion : but, if in that event, this court had considered the instructions given, correct, such legal exposition of the principle would have averted error from the record, by showing that the law of interest in this state, did not govern that contract ; when a mere refusal to instruct, implied an opinion that it did.

In this view of the question, the former decision of this court,[a] is conclusive. It was there held, that in a suit on a note, made in another state, the plaintiff was not entitled to recover interest according to the rate of this state, but of that where made, or to be carried into effect, and that such rate must be proved as a fact.

The refusal of the court to charge the jury was an error ; for which the judgment must be reversed, and the cause remanded.