## Garrard *versus* Haddan.

1. Garrard signed a printed note, in the blank of which was written " one hundred," leaving a blank space between that and " dollars" which was in print; this, after delivery, was filled with "fifty" in the same hand, and nothing in the appearance to raise a suspicion that it was not all right. *Held*, that Garrard was liable for the face of the note to a bonâ fide holder for value.

2. If the blank had been scored or the alteration in any way perceptible, a purchaser would have taken it at his own risk.

3. If one by his acts, or silence or negligence, misleads another or affects a transaction whereby an innocent party suffers, the blameable party must bear the loss.

4. Worrell *v.* Gheen, 3 Wright 388, remarked on.

November 16th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Garrard *v.* Haddan.]

Error to the Court of Common Pleas of *Fayette county :* Of October and November Term 1870, No. 56.

This was an action of assumpsit, brought August 25th 1869, by Armstrong Haddan against Joseph G. Garrard.

The case was tried February 4th 1870, before Gilmore, P. J.

The plaintiff gave in evidence the following paper, the signature of which was admitted to be the defendant's, and rested.

"Luzerne, October 6th 1868.

"On or before the 1st day of August 1869, for value received, I promise to pay J. K. O'Neil, or bearer, One Hundred *and fifty* dollars, with use, without defalcation, or stay of execution. And hereby waive the benefit of the exemption and stay laws and requisition on real estate.

"JOSEPH G. GARRARD.

"Payable at the *First National Bank of Brownsville.*"

The defendant gave in evidence a paper purporting to be an agreement between Smith, Clarke & Co. and himself, by which in consideration of $100 he was appointed agent to sell the hay-forks of Smith, Clarke & Co. He then testified that the note in suit was given for the consideration of the agreement, that the agreement was drawn by a man named Enslow, representing himself to be agent of Smith, Clarke & Co.—that when he, defendant, signed the note it was for $100 ; it was a printed blank and was filled in by Enslow ; that the note given in evidence was the one he then signed ; he signed but the one note.

A witness testified that he saw the note signed by the defendant, it was then for $100 ; he saw it the next day after its date. The plaintiff testified that he bought the note before it was due, directly after it was drawn, paid $25 less than its face for it, and had no knowledge that it had been altered.

The jury by a special verdict found for the plaintiff for the sum of $162, with leave to the court, notwithstanding the verdict, to enter judgment for the defendant, if the court should be of opinion that the alteration of the note, after it was made and before it was negotiated, from one hundred to one hundred and fifty dollars makes the note invalid in the hands of an innocent purchaser for valuable consideration, either in whole or only to the extent of the alteration.

Judge Gilmore delivered the following opinion on the point reserved:—"By inspection of the note, the most skilled expert would have failed to detect any alteration in its make : and yet it is established by the most undoubted evidence and so found by the jury that it was altered by the payee or the immediate bearer of the note by adding in the blank left, for the sum to be put in, the words 'and fifty' immediately after the words 'one hundred,'

[Garrard *v.* Haddan.]

making the note read 'one hundred and fifty' instead of 'one hundred dollars,' which it was before the alteration, and when it was executed by the defendant and passed to the bearer. The note was seen the day after its execution unaltered; but a few days after it was altered and passed before due to the present plaintiff for valuable consideration. * * *

"The fraudulent alteration or erasure of a deed avoids it *in toto;* but we think it otherwise as to commercial paper where a bonâ fide holder is to be affected.

"We construe the case of Worrell *v.* Gheen, 3 Wright 388, to mean that when a negotiable note like this has been altered, as proven in this case, and passes into the hands of a bonâ fide holder for valuable consideration, he may recover for the amount of the note, discarding that which is proven to be fraudulent. Here there is no question made as to the facts, and no difficulty in distinguishing the true amount of the note from the fraudulent addition. * * * Here the note was partly written and partly printed. In the blank left to fill in the sum after the words one hundred had been written, there was sufficient room left to write any other sum. This blank was not scored by the maker or any other precaution taken to prevent the fraudulent addition to the amount of the note. It was therefore through the fault of the maker that this fraud was perpetrated. Knowing the character of the note, it was as little as the maker could do to see that the blank was scored. We therefore direct judgment for the plaintiff for one hundred and three dollars, being the amount of the note as actually given by the defendant together with the costs of suit."

The defendant took a writ of error and assigned for error, entering judgment on the reserved question.

*A. C. Nutt* and *D. Kaine,* for plaintiff in error.—Any material alteration of a promissory note avoids it: 1 Greenlf. Ev., § 565; Chitty on Cont. 297; Bank of United States *v.* Russel, 3 Yeates 391; Stephens *v.* Graham, 7 S. & R. 508; Simpson *v.* Stackhouse, 9 Barr 186; Miller *v.* Gilleland, 7 Harris 124; Struthers *v.* Kendall, 5 Wright 229; Southwark Bank *v.* Gross, 11 Casey 80; Hill *v.* Cooley, 10 Wright 261; Neff *v.* Horner, 13 P. F. Smith 327.

*C. E. Boyle,* for defendant in error.

The opinion of the court was delivered, January 3d 1871, by

THOMPSON, C. J.—There could be no question but that the alteration made in the note in this case would avoid it as between the maker and payee, the consent of the latter to it being wanting,

[Garrard v. Haddan.]

and there being neither an implied nor express authority for making it.

But how is it with the plaintiff, an innocent holder for value in the usual course of business? There was a blank in the body of the note (a printed note) between the words "one hundred" and "dollars," when the maker signed and delivered it. The payee afterwards filled the blank with the words "*and fifty*," which made the note read "one hundred and fifty," instead of "one hundred dollars," the sum for which it was drawn. In this condition it was taken by the plaintiff without the least grounds existing for any doubt of its entire genuineness. "By inspection of the note," says the learned judge in his opinion on the reserved question, "the most skilled expert would have failed to detect any alteration in its make." There was no difference in the handwriting between the words added and those which preceded them; no difference in the ink, and no crowding of words, to put the most careful man on inquiry, or to raise a suspicion that all was not right. The note thus clear on its face, was taken on the credit of the drawer, and now shall he be discharged from his obligation by reason, or on account, of his own negligence in delivering a note that invited tampering with? He could have saved all difficulty by scoring the blank with his pen. It would have been impossible almost to have written over this without leaving traces of the alteration. In that case a purchaser of the note would take it at his own risk. This is, therefore, one of the cases in which it is a maxim, "that where one of two innocent persons must suffer, he shall suffer who by his own acts occasioned the confidence and the loss:" Story's Eq., ss. 387. "If a bill or check be drawn in so careless a manner as thereby to enable a third person to practise a fraud, the customer and not the banker must bear the loss:" Chitty on Bills, s. 60; Byles on Bills 332; 22 Eng. L. and Eq. 516; 31 Barb. 100; 41 Ib. 465. "A party who intrusts another with his acceptance in blank is responsible to a bonâ fide holder, although the blank be filled with a sum exceeding that fixed as a limit by the acceptor. Though the filling of the blank in violation of the agreement of the parties be a forgery, the acceptor is estopped from setting up the fact: 7 Smith (N. Y. Rep.) 531. Denio, J., in delivering the opinion of the Court of Appeals in this case says, among other things, "that the principle which lies at the foundation of these actions, I think, is, that the maker who by putting his paper in circulation has invited the public to receive it of any one having it in possession with apparent title, is estopped to urge the *actual defect* of title against a bonâ fide holder."

The doctrine of the point is ably discussed by the learned judge, and the cases touching the subject are noticed and discussed. The doctrine is, however, but an elaboration of a great principle of justice, that if one by his acts, or silence, or negligence, misleads another, or in any manner affects a transaction whereby an inno-

[Garrard *v.* Haddan.]

cent person suffers a loss, the blameable party must bear it: Story's Eq. 386–87.

In Young *v.* Grote, 4 Bing. 253, and also reported in 12 Moore 484, the very case in principle with the one in hand may be found. It was an alteration by filling spaces or blanks negligently left in a check, and filled by the holder so as to increase the amount and not be detected by inspection of the paper. The bank paid it, and the drawer was held chargeable for the full amount on the ground of his negligence. The same doctrine was held in two Scotch cases, viz.: Ragore *v.* Wylie, and Graham *v.* Gillespie, to be found in full in Ross on Bills and Promissory Notes, 104–95. It is true, in 1st Allen (Mass.) 561, the case of Wade *v.* Whittington seems to limit the doctrine to cases where the alteration is made by an agent, clerk or confidential party; but this, in my opinion, is against an earlier decision in that state—I refer to Putman *v.* Sullivan, 4 Mass. 45, in which no such restriction appears. It seems an impracticable limitation.

In Hall *v.* Fuller, 5 B. & C. 750, the case was that of an alteration of a bill *perceptible* on its face. The bankers paying it were allowed only to charge the drawer with the original amount put in the draft, for it was negligence on their part to pay the face of it in its altered aspect. Such seems to have been the doctrine applied by this court in Worrall *v.* Gheen, 3 Wright 388 ; although the case of Hall *v.* Fuller, asserting the same doctrine, does not seem to have been cordially approved in that opinion.

I regard this case as depending on the principles of the other cases cited above, and not on Worrall *v.* Gheen. That was a case of a perceptible alteration, and the plaintiff was allowed to recover only to the extent of the original unaltered note (the plaintiff), being entirely innocent of the alteration, or of knowing anything about it. But in the case in hand there was no perceptible alteration on the face of the note whatever. The handwriting was all the same, and no crowding of words to effect the insertion—all was natural and regular in appearance. The words "and fifty" were inserted in the space between the words "one hundred" and the word "dollars" in the note, by the same hand that filled up the note originally. It had been delivered to plaintiff in this condition. The authorities I have referred to hold the drawer of such a note answerable for the full face of the note as altered, to any bonâ fide holder of it for value, on the ground of the negligence of the maker in leaving the blank in the note which was thus filled up after its execution, and so we now hold, notwithstanding, as between the maker and payee or other person making the alteration, it would be a forgery and void.

We think this rule is necessary to facilitate the circulation of commercial paper, and at the same time increase the care of drawers and acceptors of such paper, and also of bankers, brokers

[Garrard *v.* Haddan.]

and others in taking it. This rule will not apply to cases where the alteration is apparent on the face of the paper. There it is possible the rule in Worrall *v.* Gheen may apply. The only error, therefore, which we discover in the judgment on the reserved question, was against the defendant in error. By the rule which I have endeavored to deduce from the cases, he was entitled to judgment for the face of the note and interest. But the defendant in error is not a complainant here, and the plaintiff in error makes no complaint that the judgment against him is too small, and therefore the judgment is affirmed.