# Winter & Loeb v. Pool.

### *Action on Promissory Note.*

1. *Note; when material alteration does not vitiate note in hands of bona fide purchaser.*—When the maker of a note, by a careless execution of the instrument, leaves, after the words "payable at the bank of," a blank space of sufficient length to permit the insertion of a designated place of payment, and such space is afterwards filled in by inserting therein the name of a bank, such alteration, though material, will not vitiate the note, and affords the maker no defense thereon, as against a *bona fide* holder, who purchased it before maturity, without knowledge or notice of such alteration; the negligence of the maker in not defacing the blank space rendering such alteration possible, without exciting the suspicions of a careful or prudent man

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This was an action brought by the appellants, Winter & Loeb, a partnership doing business in the city of Montgomery, against James A. Pool; and counted upon a promissory note executed by the defendant, and which had been purchased by the plaintiffs.

The defendant filed a special plea of *non est factum*, which was properly sworn to. The facts of the case, as to the alteration of the note, are substantially the same on this appeal, as they were on the former appeal, and found reported in the 100 Alabama, 504.

The only ruling of the trial court, which is assigned as error on the present appeal, is the sustaining of the defendant's demurrer to the plaintiffs' replication to the plea of *non est factum*. The facts in reference to this plea, replication and demurrer are sufficiently stated in the opinion There was judgment for the defendant, and the plaintiffs appeal.

E. P. MORRISETT, for appellant.—The alteration of instruments of writing, without the consent of the parties interested, is presumptively fraudulent, and discharges all non-consenting parties. This general rule applies to all written obligations non-negotiable, and· to com-

[Winter & Loeb v. Pool.]

mercial paper where the alteration has been made by the party seeking its enforcement, or, where the alteration is apparent on the face of the paper, or could have been discovered by the exercise of ordinary prudence; but with commercial paper in the hands of an innocent holder, for value and without notice, the alteration does not affect his rights. And this is especially true where the issue is between an innocent holder and a party who has been guilty of negligence by which the alteration was rendered possible. The replication is a complete answer to defendant's plea.—2 Daniel Neg. Instr., § 1405; Tiedeman on Com. Paper, § 389; 3 Randolph Com. Paper, p. 895, §§ 1782-4; *Young v. Lehman*, 63 Ala. 523; 1 Amer. & Eng. Encyc. of Law, 514; *Toomer v. Rutland*, 57 Ala. 384; *Garrard v. Haddan*, 67 Pa. St. Rep. 82; *Angle v. Mut. L. Ins. Co.*, 92 U. S. Rep. 341.

A. A. WILEY, *contra.*—1. The law is well settled that a material alteration of a promissory note by any of the parties thereto discharges from liability thereon all other parties not consenting to or authorizing such alteration, and this without regard as to whether the alteration is apparently or presumably to the benefit or detriment of the parties objecting.—*Montgomery v. Crossthwait*, 90 Ala. 569; *Anderson v. Bellenger*, 87 Ala. 334. Avoidance will result if the alteration is one which causes the paper to speak a different language, in legal effect, from that which it originally spoke.—*Mollett v. Wackerbarth*, 5 Com. B. 193; *Lammers v. White Sewing Machine Co.*, 23 Mo. App. 471.

2. The law proceeds on the idea that the identity of the contract has been destroyed—that the contract made is not the contract before the court; that the party did not make the contract which is before the court, and, so construing, it can not go on and hold him bound by it; and the alteration vitiates the instrument entirely, even as to terms not affected by it.—*Den v. Wright*, 11 Amer. Dec. 546; *Hunt v. Gray*, 10 Amer. Rep. 232; *Campbell v. McArthur*, 11 Amer. Dec. 738; *Bliss v. McIntyre*, 18 Vt. 466; *Wallace v. Harmstad*, 15 Pa. St. 462. If any material alteration was made in the note, without the consent of the party from whom the paper was received, it will avoid said note, even in the hands of an innocent holder. *Ivory v. Michael*, 33 Mo. 400. If the transferee or as-

signee receives a note, materially altered, he takes it with all the infirmities belonging to it, and is in no better condition than the person from whom he received it.—*Andrews v. Pond*, 13 Peters, 65.

HARALSON, J.—1. On the former appeal in this case, we held, that the alleged alteration of the note sued on was a material one, in that it converted a non-negotiable into a negotiable note ; that if altered in the manner alleged, *prima facie*, no recovery could be had on it ; that upon proof that the paper had been altered, the burden would be cast upon the plaintiff to overcome its presumed invalidity ; that this he might do, by showing that the alteration was made by the consent of the promisor, or by a stranger having no interest in it, and without such proof, no recovery could be had upon it.—*Winter v. Pool*, 100 Ala. 504; *Montgomery v. Crossthwait*, 90 Ala. 553; *Anderson v. Bellenger*, 87 Ala. 336 ; *Davis v. Carlisle*, 6 Ala. 709. No question of ratification by the defendant of the alteration, after it was made and discovered, was involved in the former appeal, nor in this one.—*Montgomery v. Crossthwait*, 90 Ala. 553, *supra*.

2. When the cause, on reversal, returned to the circuit court, the plaintiffs filed a replication to the plea of *non est factum*, in which they did not set up that the alleged and admitted alteration in the note had been made with the consent of the promisor, or that it was made by a stranger having no interest in it—facts necessary to be averred and pleaded by them as was held, if they relied upon them for recovery ; but they did allege, ''that the note here sued on, was a printed blank, filled out in writing, that said printed blank contained the words in print, '*payable at the bank of*,' with a blank space following said printed words, of sufficient length to permit the insertion of a designated place of payment, and that said blank place was not marked by the defendant or drawn across with a pen ; but said note was signed by the defendant, and put in circulation with this blank space open ;'' and it was averred, ''that this was negligence on the part of defendant, and by reason of such negligence, some person, to the plaintiffs unknown, and without the knowledge, consent or connivance of plaintiffs, inserted in said blank, the words, 'Montgomery, Ala ;' that there is a 'Bank of Montgomery' doing business in the city of

Montgomery, Ala., and was at the time plaintiffs pur-
chased said note; that plaintiffs purchased said note from
one R. D. Davis, the holder of said note, before its ma-
turity, for value, and in due course of trade, and without
knowledge or notice that said note had been altered by
the insertion of said words of 'Montgomery, Ala.' as the
place of payment, following the words, 'bank of,' and
claim to hold said note as innocent holders thereof, and
that said note is now past due and wholly unpaid." To
this replication the defendant demurred, and the court
sustained the demurrer; and, the cause having been tried
upon issue on the plea of *non est factum*, a verdict and
judgment were rendered for defendant. The error as-
signed is the ruling of the court sustaining the demurrer
to plaintiffs' replication.·

3. The replication was a good one, and the court
erred in sustaining a demurrer to it. The rule in such
cases—supported by a citation of many authorities—has
been stated by Mr. Daniel in the following language:
"There is a general principle which pervades the uni-
versal law merchant, respecting alterations (which when
they are material, will, as we have seen, vitiate the bill
or note even in the hands of a *bona fide* holder without
notice); a principle necessary to the protection of the
innocent and prudent from the negligence and fraud of
others. That is, that when the drawer of the bill or
the maker of the note has himself, by careless execution
of the instrument, left room for any alteration to be
made, either by insertion or erasure, without defacing it,
or exciting the suspicions of a careful man, he will be
liable upon it to a *bona fide* holder without notice, when
the opportunity he has afforded has been embraced, and
the instrument filled up with a larger amount or differ-
ent terms than those which it bore at the time he signed
it."—2 Daniel on Neg. Ins., § 1405; Tiedeman on Com.
Paper, § 397; *Angle v. N. W. Mut. Life Ins. Co.*, 92 U. S.
330; *Garrard v. Haddan*, 67 Penn. St. 82; *Young v. Leh-
man*, 63 Ala. 523; *Toomer v. Sykes*, 57 Ala. 384.

The demurrer to the replication should have been
overruled, and the case tried on said replication.

Reversed and remanded.