# Carroll *v.* Warren.

*Action upon a Promissory Note.*

1. *Bill of exceptions; when sufficiently shown to have been signed within the time allowed by order of the court.*—Where a bill of exceptions purports to be signed in September, 1900, but the day of signature is not specified, and it was shown that there was an order of the court made allowing 30 days for signing a bill of exceptions, without specifying when that period should begin or end, and it does not appear when the court adjourned, but under the statute the court could have continued to a time within 30 days next before September, and there is at the conclusion of the bill of exceptions an affirmation that the same was signed within the time allowed by the court. such recital is a *prima facie* showing that the bill of exceptions was signed on the day within 30 days as fixed by order of the court, and in the absence of evidence contradicting such recital, the bill of exceptions will not be stricken on motion, and will be considered on appeal.

2. *Action upon promissory note; material alteration avoids contract evidence.*—An alteration which makes a promissory note speak a language different in legal effect from that which it originally spoke, is material, and when made by one not a stranger to the paper, is sufficient to avoid the con-

[Carroll v. Warren.]

tract as to all parties not consenting thereto; and in an action upon such note, under issues properly presented, evidence tending to show such material alteration is admissible.

3. *Action upon a note; failure of consideration; general affirmative charge.*—In an action upon a promissory note, where the defendant pleads a failure of consideration, to which special plea the plaintiff files a special replication, and there was evidence supporting the plea setting up a failure of consideration, and there was no evidence introduced by the plaintiff to prove the material affirmance of his replication, the defendant is entitled to the general affirmative charge, and it is not error for the court to give such charge at defendant's request.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellant, J. S. Carroll, against the appellee, J. M. Warren. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the general affirmative charge in his behalf, and duly excepted to the court's refusal to give said charge, as asked. The plaintiff also duly excepted to the court's giving the general affirmative charge in favor of the defendant at his request.

There were verdict and judgment for the defendant. The plaintiff appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

In this court there was a motion made to strike the bill of exceptions from the record, upon the ground that it was not signed within the time required by law.

FOSTER, SAMFORD & CARROLL, for appellant.—Cited *Holmes v. The Bank of Fort Gaines,* 120 Ala. 493; *Capital City Insurance Co. v. Quinn,* 73 Ala. 561; *Perryman v. Greenville,* 55 Ala. 507.

[Carroll v. Warren.]

G. J. HUBBARD and S. M. DINKINS, *contra.*—Cited *Home Protection of North Alabama v. Caldwell Bros.,* 85 Ala. 610; *Mudge v. Treat,* 57 Ala. 5; *Renfro Bros. v. M. & M. Bank,* 83 Ala. 425; *Jones v. Collins,* 80 Ala. 108.

SHARPE, J.—The motion to strike the bill of exceptions cannot prevail. The bill of exceptions was filed in the circuit court, September 14th, 1900. It purports to have been signed in September, 1900; the day of signature not being specified. It contains an affirmation of the judge to effect that the same was signed within the time allowed by the court and an order of court had allowed for the signing thirty days, without specifying when that period should begin or end. The effect of this order was to extend the time for signing, thirty days from the final adjournment of the term.—*Morningstar v. Stratton,* 121 Ala. 437. When that adjournment occurred does not appear, but under the statute the court could have continued to a time within the thirty days next before September, hence the affirmation referred to is consistent with the record and is taken as true.—*Tarver v. State,* 137 Ala. 29.

Plaintiff sues as a transferee of a promissory note which in the complaint is averred to have been made by defendant payable to the order of W. T. Magee & Co., at the Peoples' Bank of Troy, Alabama. The pleas are the general issue, *non est factum,* and the two other pleas, each averring a failure of consideration. To the plea of *non est factum* plaintiff filed a special replication averring that the plea was based on an alleged alteration of the note, and futher averring matter to show he, the plaintiff, had made no material alteration and that he held the same as a *bona fide* purchaser for value. To the two pleas setting up failure of consideration there was interposed the general issue and a special replication which went also to the plea of *non est factum,* averring "that the note sued upon was executed in Alabama, payable at the Peoples' Bank in Troy, Alabama, in money at a fixed time and was purchased by the plaintiff before maturity in the usual course of business for a valuable consideration, without notice of any defect or

infirmity in the note or any defense thereto as set out in said pleas."

There are assignments of error based upon the admission of testimony which, with reference to a note in evidence, was given by defendant to effect that "the note had been changed since he signed and delivered it by adding the words 'The Peoples' Bank, Troy, Alabama' after the printed words 'value received at' and by affixing thereto revenue stamps and cancelling the same; that the same was done without his knowledge and consent and by some one not authorized by him to do so, and that he had never consented to or ratified the change, and that he had expressly refused at the time said note was given to give a note payable at a bank." The words so said to have been added made the note import negotiability, whereas, under our statute, without words designating a place of payment the instrument would not have been negotiable. An alteration which makes a note speak a language different in legal effect from that which it originally spoke, is material, and when made by one not a stranger to the paper is ordinarily sufficient to avoid the contract as to all parties not consenting thereto. *Montgomery v. Crosthwaite*, 90 Ala. 553; *Woodworth v. Bank*, 19 Johns. 391; 10 Am. Dec. 239.

The next assignment of error relates to the giving of the general affirmative charge in favor of defendant. Upon the hypothesis of the charge that the evidence was believed, the pleas of failure of consideration were conclusively established, the evidence on that subject being positive in support of those pleas and being also without contradiction. The special replication to those pleas which if proved, might have avoided the defense of failure of consideration, was in that part which averred the note was "executed in Alabama payable at the Peoples' Bank in Troy, Alabama" lacking of support in the evidence. That averment was material to be proved and without proof of it plaintiff was not entitled to succeed on that replication. Apart from the note itself the only evidence as to whether the note when executed designated a place of payment, was in the testi-

mony of defendant above quoted from the bill of excep-
tions and that evidence, if believed, showed there was
then no such designation. The note which in the orig-
inal is sent here for inspection does not by its physical
appearance or otherwise afford any inference adverse to
this testimony. Such conditions inhering in the plead-
ings and evidence justify the giving of the charge re-
quested by defendant, and the refusal of that requested
by the plaintiff.

Judgment affirmed.