## Moyer v. Moyer.

*Negotiable instruments—Promissory note—Amount in blank—Right of holder to fill in missing term—Marginal figures.*

1. Plaintiff sued defendant to recover upon a promissory note, reading as follows: "$2,000.00 Reading, Penna., Jan. 27, 1916. One day after date, I promise to pay to the order of Abbylon Moyer..........00/100 Dollars at........... Without defalcation, for value received. Jonathan B. Moyer." Defendant contended that, by reason of the blank spaces contained therein, the instrument was not a promissory note for anything, and that there could be no recovery upon it: *Held*, that the maker of the note, by executing it in blank, authorized the holder to insert a sum not exceeding the amount of the marginal figure of $2000; and that the right of the payee to fill up the blank was properly exercised by the bringing of the suit.

2. In a certain sense the marginal figures are not a part of the note. If the note is complete and unambiguous without them, they cannot vary its effect. If, however, the note is ambiguous, they belong to it sufficiently to be used as a help in ascertaining its meaning, or if the note is incomplete they may be used under proper circumstances to limit the holder's right to supply the missing term.

Statutory demurrer. C. P. Berks Co., Aug. T., 1921, No. 27.

*H. Seidel Throm,* for plaintiff.

*J. Fred Hartgen* and *Rothermel & Mauger,* for defendant.

ENDLICH, P. J., Nov. 21, 1921.—The plaintiff's amended statement was filed Aug. 13, 1921. An affidavit of defence was filed to it on Aug. 23, 1921, raising 1 D. & C.

a question of law and asking for judgment in favor of the defendant, the plaintiff making a similar application for judgment in her favor.

The note upon which this suit is brought reads as follows:

"2,000.00. Reading, Pa., Jan. 27, 1916.

"One day after date I promise to pay to the order of Abbylon Moyer ......
...... 00/100 Dollars at ............ without defalcation for value received.

JONATHAN B. MOYER."

The defendant's contention, supported by certain decisions in other jurisdictions, is that this instrument is not a promissory note for anything, and that there can be no recovery upon it by the plaintiff. There seems to be but one adjudication of the question in Pennsylvania, and that one by Judge McPherson while on the Common Pleas bench of Dauphin County, Weaver's Admin'r v. Paul, 4 Dist. R. 492. That case seems to be as nearly on all fours with the present one as can be, and is decided in favor of the plaintiff upon reasoning so convincig that there seems to be nothing that can profitably be added to it, and it is sufficient to quote the following paragraphs from the opinion of Judge McPherson:

"In a certain sense, the marginal figures are not a part of the note. If the note is complete and unambiguous without them, they cannot vary its effect. If, however, the note is ambiguous, they belong to it sufficiently to be used as a help in ascertaining its meaning; or if the note is incomplete (as in the case before us), they may be used, under proper circumstances, to limit the holder's right to supply the missing term: Sweetser v. French, 13 Metcalf, 262; Burnham v. Allen, 1 Gray, 496; 1 Pars. Notes and Bills, 27-29; 1 Daniel Neg. Inst. (4th ed.), §§ 86 and 86a, and cases cited in notes.

"It is well known that if the maker of a promissory note signs it while the amount is in blank, both in the body of the note and in the margin, he thereby authorizes an innocent holder to insert any sum he pleases; or if, when he signs, a sum is named in the margin only and remains unaltered, he authorizes such holder to insert any amount not greater than is indicated by the marginal figures. As between the maker of such a note and the payee, if the body and margin are both blank when the maker signs (and this may be shown by parol, because it does not contradict the note, but is strictly relevant to the inquiry what the note is), the authority is to insert such sum as was agreed upon between them; or if there are marginal figures, the authority is to insert any sum not exceeding this limit: Goodman v. Simonds, 20 How. 343; Bank v. Eldred, 9 Wall. 544; Bank v. Kimball, 10 Cush. 373; Boyd v. Brotherson, 10 Wend. 93; Redlich v. Doll. 54 N. Y. 234; McGrath v. Clark, 56 N. Y. 34; Dinsmore v. Duncan, 57 N. Y. 573; Barker v. Steerne, 9 Exch. 684; Garrard v. Lewis, 10 Q: B. Div. 30; Woodworth v. Bank, 10 Am. Dec. 271, note; 1 Daniel Neg. Inst. (4th ed.), § 142; Garrard v. Haddan, 67 Pa. 82; Wessell v. Glenn, 108 Pa. 104."

The case incidentally decides, also, that the right of the payee to fill up the blank is properly exercised by the bringing of the suit. It may, however, not be out of place to call attention to the fact that the Negotiable Instruments Act of May 16, 1901, P. L. 194, in section 14, provides that "where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein," and that in this case the note is held by the original payee and there is no third party interested.

And now, Nov. 21, 1921, it is adjudged that upon the question of law raised by defendant's affidavit of defence the defendant is not entitled to judgment,

Moyer v. Moyer.

that his application therefor is refused, and that the plaintiff is entitled to judgment unless the defendant, within fifteen days from this date, file a sufficient supplemental affidavit of defence to the averments of fact of the plaintiff's statement.

From Wellington M. Bertolet, Reading, Pa.