(118 So. 250)

**LASETER v. HILL.** (3 Div. 561.)

Court of Appeals of Alabama. Nov. 1, 1927.

Rehearing Denied May 22, 1928.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

486

Thos. B. Hill, Jr., of Montgomery, for appellee.

RICE, J.   These facts appear without dispute. Appellant, on January 2, 1926, executed his promissory waive note payable to one Gerrish on April 2, 1926, in the amount of $33. Gerrish, without anybody who was concerned knowing of it, or giving their consent thereto, raised or altered the amount for which the note was payable to $233, by inserting the figure "2" before the figures "33," where they appeared in said note, and by writing in the words "two hundred" before the words "thirty-three" where they appeared. Before the maturity of the note appellee bought same from Gerrish in due course of business for value.

Suit was brought by appellee against appellant for the full amount of the note as it appeared when appellee bought same, including interest and attorney's fees provided for therein, and resulted in a directed verdict in appellee's favor for the full amount sued for.

■ The law applicable to the issue raised in the case on the trial below seems to be as stated in the opinion in the case of Winter & Loeb v. Pool, 104 Ala. 580, 16 So. 543, to wit:

" 'There is a general principle which pervades the universal law merchant, respecting alterations (which, when they are material, will, as we have seen, vitiate the bill or note even in the hands of a bona fide holder without notice); a principle necessary to the protection of the innocent and prudent from the negligence and fraud of others. That is, that when the drawer of the bill or the maker of the note has himself, by careless execution of the instrument, left room for any alteration to be made, either by insertion or erasure, without defacing it, or exciting the suspicions of a careful man, he will be liable upon it to a bona fide holder without notice, when the opportunity he has afforded has been embraced, and the instrument filled up with a larger amount or different terms than those which it bore at the time he signed it.' 2 Daniel on Neg. Ins. § 1405; Tiedeman on Com. Paper, § 397; Angle v. N. W. Mut. Life Ins. Co., 92 U. S. 330 [23 L. Ed. 556]; Garrard v. Haddan, 67 Pa. 82 [5 Am. Rep. 412]; Young v. Lehman, 63 Ala. 523; Toomer v. Sykes [Rutland] 57 Ala. 384 [29 Am. Rep. 722]."

In Holmes v. Bank of Ft. Gaines, 120 Ala. 493, 24 So. 959, the Supreme Court cited with approval Winter & Loeb v. Pool, supra, and again applied the principle of negligence recognized in the latter authority. We do not find this principle to have ever been overruled or changed by the Supreme Court of this state.

■ Accordingly it appears, and we hold, that the trial court properly overruled appellant's demurrers to appellee's replication to appellant's plea two.

So far as we can find, section 9144 of the Code of 1923 does no more than state in codified form what had long been the established law in this state. And, giving it full application, as we see it, in no way militates against the force of the principle announced in Winter & Loeb v. Pool, supra.

■ Appellant's negligence in the matter of the manner of his execution of the note sued upon being established, the amount appellee paid in purchase of the note would be immaterial, no fraud on his part being claimed; the theory of the law as we understand it being that appellant, his negligent execution of the note proved, is estopped from setting up the alteration. And, if so estopped, of course it could be no concern of his that appellee procured the note at any given discount. The fact that appellee was a holder in due course was not denied.

While we think the law of our state stands substantially as laid down in the Winter & Loeb v. Pool and Holmes v. Bank of Ft. Gaines Cases, supra, and that it is not changed or altered by section 9144 of the Code of 1923, yet we think the trial court erred in this case in taking away from the jury the decision of the question as to whether or not appellant was negligent in the manner in which he executed the note sued upon, or rather the note which in its altered form was sued upon.

■■ It may be true, in fact it is, that, where blanks are left by the maker in the body of the note, this is an implied invitation to some one to fill them out. In such a case the court should say as a matter of law that, these blanks being filled, and the note negotiated, the maker is bound. But where, as here, it is shown that all blanks in the note had something written in them, and the note was executed and delivered to the payee, apparently complete and regular, and the issue on the trial of the suit by the innocent purchaser for value against the maker

was the negligence vel non of the maker in leaving too much empty space before the words and figures denoting how much the note was for, we do not see how this question could be anything other than one for the jury. True, we have the note before us for inspection. But, even then, we do not feel that the trial court or this court was or is authorized to say as a matter of law that there was "a careless execution of the instrument." The note itself, taken in connection with appellant's testimony at the trial, seems to us to have created a question as to this for the jury's decision. Of course, if there was no "careless execution" by appellant, he would not be liable for other than the amount for which the note was originally executed Code 1923, § 9144.

For the error in giving the general affirmative charge in appellee's favor the judgment is reversed, and the cause remanded.

Reversed and remanded.