(118 So. 252)

**LASETER v. HILL.   (3 Div. 856.)**

Supreme Court of Alabama.   June 21, 1928.

Rehearing Denied Oct. 25, 1928.

Thos. B. Hill, Jr., of Montgomery, for Hill.

Rushton, Crenshaw & Rushton, of Montgomery, for Laseter.

BROWN, J. Before the adoption of the Uniform Negotiable Instrument Act (Code 1923, §§ 9029–9214) there was great contrariety of opinion as to the effect of a subsequent material alteration by the payee, or a holder, after the issuance and delivery of a negotiable paper as a completed instrument, without the knowledge or consent of the maker, where the manner in which the instrument was drawn facilitated such alteration by affording opportunity to make such alteration without leaving any trace of the alteration on the face of the paper sufficient to excite the suspicion of a careful person dealing therewith.

One line of decisions held that such alteration invalidates the instrument even in the hands of a holder in due course and without notice, the theory of this line of cases being that it is not the duty of the maker of a commercial paper to guard, not only himself, but the public, against fraud and alterations at the expense of being compelled to perform a contract he never made, because some one altered by forgery a contract he did make. Fordyce v. Kosminski, 49 Ark. 40, 3 S. W. 892, 4 Am. St. Rep. 18; Schofield v. Landesburgh [1896 H. L.] A. C. (Eng.) 514, 65 L. J. Q. B. (N. S.) 593, 75 L. J. N. S. 254, 45 Week. Rep. 124; Greenfield Savings Bank v. Cyrus &. Stowell et al., 123 Mass. 196, 25 Am. Rep. 67; Holmes v. Trumper, 22 Mich. 427, 7 Am. Rep. 661; Knoxville Nat. Bank v. Clark, 51 Iowa, 264, 1 N. W. 491, 33 Am. Rep. 129. See note 22 A. L. R. pages 1139–1146.

Another line of decisions held that the maker, drawer, or indorser of a negotiable instrument is liable to a bona fide holder thereof, for the amount to which it has been raised by forgery, where the alteration was facilitated by the form in which the instrument was drawn, the theory of this line of cases being that the negligence of the maker, drawer, or indorser influences and induces the alteration, and he, and not the innocent holder, should be made to suffer. Winter-Loeb v. Pool, 104 Ala. 580, 16 So. 543, and cases cited in note 22 A. L. R. 1147–1152.

In a few cases it was held that the innocent holder might recover on the note according to its original tenor. Worrall v. Gheen, 39 Pa. 388; Garrard v. Haddan, 67 Pa. 82, 5 Am. Rep. 412.

In the absence of negligence attending the issuance of the paper, the authorities were uniform in holding that the fraudulent alteration of such instrument by a party thereto, without the knowledge or participation of the party to be bound, unless made by an agent to whom the paper had been intrusted, avoided the instrument in the hands of an innocent holder. Carroll v. Warren, 142 Ala. 397, 37 So. 687; Winter-Loeb v. Pool, 104 Ala. 580, 16 So. 543; Montgomery v. Crossthwait, 90 Ala. 553, 8 So. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832; 1 R. C. L. p. 990, § 26 et seq.; 3 R. C. L. p. 454, § 173.

One of the manifest purposes of the Uniform Negotiable Instrument Act, by the provision of section 124, now section 9144 of the Code of 1923, was to settle this conflict in the authorities and establish a uniform rule of liability. That section provides:

"*Alteration of Instruments; Effect of.*— Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor." Code of 1923, § 9144; 5 Uniform Laws Ann. p. 454, § 124; Green v. Harsh, 204 Ala. 524, 86 So. 392; Bledsoe v. City Nat. Bank, 7 Ala. App. 195, 60 So. 942; Commercial Bank v. Arden, 177 Ky. 520, 197 S. W. 951, L. R. A. 1918B, 320; First Nat. Bank v. Ketchum, 68 Okl. 104, 172 P. 81, L. R. A. 1918F, 958; Broad Street Bank v. Nat. Bank

of Goldsboro, 183 N. C. 463, 112 S. E. 11, 22 A. L. R. 1124; Andrews v. Sibley et al., 220 Mass. 10, 107 N. E. 395.

The holding in Moore et al. v. First Nat. Bank of Birmingham, 211 Ala. 367, 100 So. 349, 34 A. L. R. 526, was that the detachment of a $15 draft pasted at the corners over another draft for a larger amount was not an alteration of the larger draft within the meaning of the Negotiable Instrument Act, and what was said in that case as to the rule prevailing prior to the adoption of the uniform act is mere dictum.

Under the statute the plaintiff was only entitled to recover on the note according to its original tenor. Unless the statute is given this construction, it fails of its dominant purpose —to establish a uniform rule of liability— and ceases to be a uniform Negotiable Instrument Act.

The opinion of the Court of Appeals, not being in accord with this view, is disapproved, but inasmuch as the correct result was reached in the reversal of the judgment of the trial court, the writs of certiorari will be denied.

Writs denied.

All the Justices concur.