# Planters & Merchants Bank v. Goetter Weil & Co.

### Garnishment.

1. *"Discount" defined, as used in § 4140 of the Code.*—As the word is used in § 4140 of the Code, one material element of a "discount" in connection with a loan of money, is the taking out of the principal sum and the retention by the lender at the time of the loan of the interest charged for the use of the principal. And where the entire principal borrowed is paid to the borrower, and he executes notes for a lump sum which includes the principal and the interest, the transaction is not a discount.

APPEAL from Marengo Circuit Court.

Tried before Hon. JAMES T. JONES.

This suit was begun by original attachment against J. S. Price by the appellees, Goetter, Weil & Co. The writ was returned by the sheriff, "no property found" and thereupon the plaintiff sued out a writ of garnishment against the appellant, Planters & Merchants Bank. Judgment by default was taken against the defendant Price, and answer was made by the garnishee, the Planters & Merchants Bank, to the effect that in November, 1892, Price was indebted to it in the sum of $3,137.00, evidenced by notes given it by him. That these notes were for money loaned him by said bank, some of

the money being loaned at a rate of ten *per cent.* per annum, and the balance at a rate of twelve *per cent.*, and all the notes being past due. That the interest was included in the notes given at the time the money was loaned, and the amount of the interest was less than $200. The answer further stated that on November 23rd, 1892, said notes being all past due, Price executed to the bank and four other creditors, in full payment of their demands, a bill of sale of a stock of merchandise owned by him, which was so accepted. This merchandise was sold to the best advantage, long before the garnishment was issued, and therefrom, the said bank as it proportionate share, received only the sum of $1,065.00.

Upon this answer, the court gave judgment against the garnishee, upon the ground that its debt had in law, no existence, being contracted in violation of the statute punishing as a misdemeanor, the discount of paper at a higher rate of interest than eight *per cent.* per annum. From this judgment, the garnishee appealed. Other facts appear in the record, but in view of the fact that but one point is raised in the opinion, is is unnecessary to set them out.

G. B. JOHNSTON, for appellant.—The debt from Price to the appellant was a loan, and the transaction was not a discount.—*Fleckner v. W. S. Bank*, 8 Wheat. 351; *Nat. Bank v. Johnson*, 14 Otto, 276; *Saltmarsh v. P. & M. Bank*, 14 Ala. 677; *Youngblood v. Bank*, 95 Ala. 521; *Bank of Alexander v. Manderville*, 1 Cranch.

TAYLOR & ELMORE, *contra*, cited *Youngblood v. Bank*, 95 Ala. 521; *Hubbard v. Allen*, 59 Ala. 289; *Haguman v. Buchannon*, 14 Am. St. Rep. 732; *Weeks v. Hill*, 38 N. H. 199; *Jose v. Hewitt*, 50 Me. 248; *Potter v. Gracie*, 58 Ala. 303.

McCLELLAN, J.—The correctness of the action of the circuit court in awarding judgment against the Planters & Merchants Bank on its answer as garnishee confessedly depends upon the inquiry whether the transaction in which said bank loaned money to Price at a usurious rate of interest and took his notes for the amount of the principal and interest payable at a future day was a *discounting* of said notes within the meaning of section

4140 of the Code.   If it was such discounting, then other questions arise in this case, but if it was not, then that is determinative of this appeal and of the plaintiff's case against the garnishee.

Section 4140 of the Code is as follows :   ''Any banker who discounts any note, bill of exchange or draft, at a higher rate of interest than eight *per cent. per annum*, not including the difference of exchange, is guilty of a misdemeanor.''   This statute being penal must, of course, be strictly construed.   The word, ''discounts'' in it must be given its most ordinary and precise significance and to a violation of the statute it is essential that the act must be brought clearly within such meaning.   The authorities are agreed, so far as they have been disclosed to us by a pretty thorough investigation that one material element of a discount in connection with the loan of money is the taking out of the principal sum and the retention by the lender at the time of the loan of the interest charged for the use of the principal.   Such is the definition given in *Saltmarsh v. The P. & M. Bank*, 14 Ala. 668, 677 ; so we held in *Youngblood v. Birmingham Trust & Savings Co.*, 95 Ala. 521, with reference to this very statute, and so it is, we believe, universally ruled.—5 Am. & Eng. Ency. of Law, pp. 578 *et seq.*

This was not done in the transaction between the bank and Price which is involved here.   On the contrary the entire principal borrowed was paid to Price and he promised in the notes he executed to repay a lump sum which included the principal and the interest at a rate in excess of eight per cent.   This was usury ; but it was not a discount ; the contract was not within the penal statute we have quoted and was not void.

It follows that the bank acquired a good title to the property transferred to it by Price in payment of the money he had thus borrowed from it, and that the circuit court erred in its judgment whereby the bank was required to account for this property as still belonging to Price. That judgment must be reversed, and a judgment will be here entered discharging the garnishee on its answer.

Reversed and rendered.