# Orr v. Sparkman.

*Action on a Promissory Note.*

1. *Appeals; what transcript should contain; when motion to strike properly sustained.*—Where an action on a promissory note is commenced in a justice of the peace court, and by appeal is carried into the circuit court, on appeal to the Supreme Court from a judgment of the circuit court, the pleadings to a garnishment proceeding instituted in the main cause in the justice of the peace court, but in no wise involved in the appeal to the circuit court, have no place in the transcript in the Supreme Court; and on motion will be stricken therefrom as surplusage.

2. *Same; sufficiency of bond for appeal to the circuit court from a judgment of justice of the peace.*—In prosecuting an appeal to the circuit court from a judgment rendered by a justice of the peace,

[Orr v. Sparkman.]

a bond conditioned to "pay and satisfy such judgment as the Supreme Court shall render in the case," is defective and insufficient, because not conditioned as required by statute, (Code of 1896, § 482); and on motion of the appellee in the circuit court, a new and sufficient bond should be required by the appellant, and if not given, his appeal should be dismissed.

3. *Action on promissory note; attorney's fee not recoverable without proof as to the value thereof.*—In an action on a promissory note, which contains a provision for a reasonable attorney's fee if suit should be necessary to collect said note, in the absence of proof of the value of the attorney's fee in bringing such suit, it is error to allow the plaintiff to recover any sum as a fee in a judgment rendered in his favor.

4. *Same; insufficiency of defense when note negotiable.*—When an action is brought by an innocent purchaser for value before maturity on a negotiable promissory note, the fact that there was usury in the note sued on, as between the maker and the payee, or that the maker signed the note without reading it and in ignorance of its containing a waiver of exemptions and providing an attorney's fee for collection, is no defense.

5. *Transfer of negotiable note; when not tainted with usury.*—A negotiable note which is a valid debt in the hands of the original holder, may be bought and sold as any other chattel at its real or supposed value; and a *bona fide* purchase of such note by a third person before maturity from the holder, at a discount greater than the legal rate of interest, is not usurious, although the holder may have indorsed it.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellee, H. A. Sparkman, against the appellant, Ned Orr, and counted upon a promissory note, executed by the defendant to one Robert S. Henry, on May 15, 1896, and payable June 15, 1896, at the First National Bank of Decatur. This note was transferred by Henry, the payee therein, to the plaintiff, on June 20, 1896. This suit was originally instituted in a justice of the peace court; and judgment being rendered therein in favor of the defendant, an appeal was taken to the circuit court. The note sued on contains a waiver of exemption and a stipulation for the payment of attorney's fees, in the event it is necessary to institute suit for its collection. The defendant pleaded usury and *non est factum* to the note, in so far as it provided for the waiver of exemption and the payment of attorney's fees.

[Orr v. Sparkman.]

On the trial of the cause, the evidence for the plaintiff tended to show that this note was purchased by the plaintiff from Robert S. Henry, together with several other notes ; that the aggregate of the amounts due upon the notes so purchased amounted to one hundred dollars, and that in the purchase said Henry allowed the plaintiff a discount of ten per cent; that the plaintiff purchased the note prior to the date upon which it was made payable, and without any knowledge or notice that there were any defenses to the note, said Henry telling him that the note was good and would be paid ; and that the said note had not been paid.

The defendant, as a witness in his own behalf, testified, that he could not read writing very well ; that the note was not read over to him when he signed it, and that he did not know that it contained a provision for the waiver of exemption, or for the payment of attorney's fees ; that he did not agree with Henry to waive his right of exemptions or to pay attorney's fees ; that he signed the note at the direction of said Henry, thinking it was a simple note for the payment of the amount due Henry from the defendant. It was further shown that there was usury in the note sued on as between the maker and the payee.

In taking an appeal from the justice of the peace court to the circuit court, an appeal bond was executed by the plaintiff. The conditions of this bond, and the facts in reference thereto, which form the basis of the defendant's motions in the trial court, are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury. The court, after setting out a special finding in obedience to the request of the defendant, rendered judgment for the plaintiff, including therein five dollars for the attorney's fee. To this judgment the defendant duly excepted. The defendant appeals, and assigns as error the rendition of the judgment in favor of the plaintiff.

In the transcript certified to this court, there is copied the pleadings and proceedings pertaining to a garnishment proceeding in the main case, which was had before the justice of the peace. The appellee made a motion in this court to strike out this portion of the transcript, on

[Orr v. Sparkman.]

the ground that it was surplusage, and has no place in the record, and that such pleadings were unnecessary to the proper determination of the case.

W. R. FRANCIS, for appellant.—The usury is not denied, and no effort is made to rebut the evidence of Ned Orr, appellant, in sustaining his plea of *non est factum* ; but the appellee was content to fall back on the claim that the note was negotiable, and he purchased it before maturity. The burden is on the plaintiff (appellee) to establish the *bona fides* of the transfer.—*Cobb v. Bryant*, 86 Ala. 316; *Hart v. Adler*, 109 Ala. 469; *Capital City Ins. Co. v. Quinn*, 73 Ala. 588.

O. KYLE, *contra.*—The defendant is entitled to no relief simply because the notes signed by him and which are now sued on, were different from what he thought they were at the time he executed them.—*Martin v. Smith*, 116 Ala. 639.

HARALSON, J.—1. Motion is here made to strike all that part of the transcript on pages 3 to 17, inclusive, beginning with "summons and complaint" on page 3, and extending to "Notice of appeal" on page 17, on the grounds, that what is there transcribed is surplusage, and has no place in the record of the cause, and that the same is unnecessary to the proper determination of the cause, is useless, cumbersome to the transcript, and adds unnecessarily to the expense of the same.

The papers therein transcribed had reference to a garnishment proceeding in the main case, in nowise involved in the appeal to the circuit court, and included pleas and replications before the justice set out *in extenso*. The amount in suit was under $20, in which case the statute provides the cause shall be tried by the court without the intervention of a jury, but when it exceeds that sum, an issue is required to be made up, under the direction of the court, and the cause tried by a jury.—Code of 1896, § 490. Section 488 provides, that cases of appeal or *certiorari* from judgments of justices of the peace, "must be tried *de novo* and according to equity and justice without regard to any defect in the summons, or other process, or proceedings before the justice."

[Orr v. Sparkman.]

There was no necessity for the trial of this cause, for the setting out of any of said proceedings excepted to as surplusage and cumbersome, down to the appeal bond, and the motion to strike, from the point indicated in said motion, down to the appeal bond on page 16, will be granted, and no costs will be allowed for that part of the transcript.

2. Section 482 of the Code of 1896 prescribes that unless provided for, no cause can be carried from the justice's to the circuit or other court of the like jurisdiction, "unless the party applying for such appeal or *certiorari* first executes bond, with sufficient sureties, payable to the adverse party, with condition to pay such judgment as may be rendered against him by the court to which the cause is sought to be removed." The appeal bond in this case to the circuit court was conditioned to "pay and satisfy such judgment as the Supreme Court shall render in the case." The defendant submitted three motions to the court below : 1st, to dismiss the appeal because, in substance, said appeal bond was not conditioned to pay such judgment as may be rendered against him by the circuit court of Morgan county, to which the cause was sought to be removed, but that the same was conditioned "to pay and satisfy such judgment as the Supreme Court shall render in this case ;" 2d, to strike the cause from the docket on the same grounds ; and, these two motions being overruled by the court, 3d, that the plaintiff be required to give a new appeal bond in the case, which motion the court also overruled.

The bond executed was defective, not conditioned as the statute prescribes, and a new and sufficient bond should have been required of the appellant, or his appeal should have been dismissed.—Code of 1896, §§ 482, 487.

3. The bill of exceptions purports to set out all the evidence. There was no proof submitted as to the value of an attorney's fee for prosecuting the note sued on to judgment, and yet the court in its findings allowed the plaintiff $5 for an attorney's fee, and rendered judgment accordingly. In this there was also error.

4. It is not questioned, and the court so found, that there was usury in the note sued on as between the

[Farmers & Merchants Bank, *et* al. v. Hall, *et al.*]

maker and payee; but the evidence shows without any conflict, that the plaintiff knew nothing about that fact, nor of the other fact set up as a defense, that the defendant signed the note without reading it, and in ignorance of its containing a waiver of exemptions and providing for an attorney's fee for collecting it, and that he bought the note, which was commercial paper, for a valuable consideration, before its maturity without knowledge of any defect or defense whatever, the maker had against it. The court ascertained these facts in its finding.

5.   It satisfactorily appears, that the plaintiff bought this note and others, at the same time, from its holder, the payee, at a price which would have been usurious, if the transaction had originated in the borrowing of money; but it also satisfactorily appears, that the contract by which he obtained the note was not one "for the payment of interest upon the loan or forbearance of goods, money, things in action, * * * at a higher rate than" eight dollars upon one hundred dollars for one year.— Code of 1896, § § 2626, 2630; *Capital City Ins. Co. v. Quinn,* 73 Ala. 558; *Brown v. The Bank,* 103 Ala. 123; *Hart v. Adler,* 109 Ala. 467; *Scott v. Taul,* 115 Ala. 529.

For the errors indicated, the judgment below is reversed and the cause remanded.

Reversed and remanded.