# King v. The Peoples Bank.

*Action upon a Promissory Note.*

1. *Transfer of negotiable note; when not tainted with usury.*—A negotiable note, which is a valid debt in the hands of the original holder, may be bought and sold as any other chattel

127 266
135 648
127 266
142 483
127 266
143 373!

at its real or supposed value; and the transfer of such instrument at a discount greater than the legal rate of interest is not usurious, although the transferror may have endorsed it, and such discount does not deprive the transferee of the protection of a *bona fide* purchaser.

2. *Pleading and practice; sufficiency of evidence to sustain plea.* In an action upon a promissory note, where the defendant by a single special plea sets up (1) that there was a failure of consideration to support the note sued on, and (2), that the plaintiff discounted the note at a greater rate of interest than 8 per cent. per annum, and issue is joined upon such plea, it is incumbent on the defendant to sustain the truth of both of these defenses set up in the one plea; and upon his failure to do so, the plaintiff is entitled to the general affirmative charge.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. J. C. RICHARDSON.

This was an action brought by the appellee against the appellant, John J. King; and counted upon a promissory note. The note sued on was executed by the defendant to one W. C. Carroll in payment of a horse purchased by said King from Carroll.

The cause was tried upon issue joined upon the plea of the general issue and the following special plea: 5. "Comes the defendant and for answer to plaintiff's complaint says that the note upon which this suit is brought has wholly failed as to the consideration paid for the same in this, the consideration of the note was the purchase of a horse, and in the sale of said horse by the payee, the horse was warranted to be sound in every respect. And defendant says that said horse was wholly unsound and was a total loss to him; and defendant avers that, plaintiff is a banker engaged in the regular business of banking, and in the regular course of its business discounted the said note for the payee, one W. C. Carroll, at a greater rate of interest than eight per cent. per annum." The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in its behalf. To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the following charge requested

by him: "The court charges the jury that if they believe from the evidence that the consideration for which the defendant executed the note sued on has wholly failed, and that plaintiff obtained the said note in the regular course of its business and discounted said note at a greater rate of interest than eight per cent., the plaintiff would not be a *bona fide* holder for value, and they should find a verdict for the defendant."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

WOLFF & ABRAHAMS and TAYLOR & ELMORE, for appellant.—The bank was not a *bona fide* holder, having acquired the paper sued on, upon a usurious consideration, and in its hands the instrument was subject to all the equities of defenses which would have been available as to the other parties. "If the purchase itself is a usurious transaction the purchaser will not become a *bona fide* holder."—2 Randolph on Com. Paper, 1492, § 992; *City v. Quinn*, 73 Ala. 558; *Carlisle v. Hill*, 16 Ala. 398; *Wailes v. Couch*, 75 Ala. 134; *Saltmarsh v. Tuthill*, 13 Ala. 390; *Harrison v. Pomer*, 76 Ga. 218.

GESNER WILLIAMS, *contra*.—The transaction in this case was not one in which there was a discount, but it was a straight purchase. Therefore the transaction was not tainted with usury.—*Capital City v. Quinn*, 73 Ala. 558; *Youngblood v. Birmingham T. & S. Co.*, 95 Ala. 521; *Anderson v. Timberlake*, 114 Ala. 377.

HARALSON, J.—The note sued on was for $500, dated the 30th December, 1897, and was payable at the plaintiff bank to W. C. Carroll, on the first day of July afterwards, and bore interest from date. The plaintiff bank purchased the same from the payee, Carroll, who transferred it by his indorsement to plaintiff, on the 14th January, 1898, at which date about $1.66 interest had run on it, paying for it $500. The case was tried by agreement of counsel, on the general issues and plea numbered 5, which set up failure of consideration

and that the plaintiff was a banker, and in the regular course of its business discounted said note for the payee, at a greater rate of interest than eight per cent. *per annum.* A demurrer was interposed to this plea by the plaintiff, which was overruled, and the plaintiff was forced to take issue on it. The defendant insists, that plaintiff having discounted the note for $500,—the amount for which it was given, when there was the sum of $1.66 interest due on it,—it was discounted at a greater rate of interest than eight per cent. *per annum,* and, therefore, the plaintiff was not a *bona fide* purchaser of the same, entitled to protection against defenses existing between the defendant and the payee, at the date of the purchase.

It is not pretended that the transaction between the defendant and Carroll, the payee of the note, involved any element of usury; and, as between the plaintiff and the payee, the transaction of the transfer of the note to the bank by the latter, was not one, in any sense, "for the payment of interest upon the loan or forbearance of goods, money, things in action, or upon any contract whatever, at a higher rate than" at eight dollars upon one hundred dollars for one year. There was no money borrowed by the payee on the note. He transferred the title absolutely to the plaintiff. Code, §§ 2626, 2630.

The cashier of the plaintiff bank testified, and there is no evidence to the contrary, that he, for the bank, discounted the note, that is, as he explained, "I myself purchased said note. I, as cashier of the bank purchased the note."

It is well settled with us, "that commercial paper (such as this note was) may be bought and sold in the market like any other chattel, at its real or supposed value, and that the transfer of such paper at a discount beyond the legal rate of interest is not usurious, although the holder may indorse it, unless the transaction was a mere device to evade the statute against usury."—*Capital City Ins. Co. v. Quinn,* 73 Ala. 558; *Hart v. Adler,* 109 Ala. 467; *Scott v. Taul,* 115 Ala. 529; *Orr v. Sparkman,* 120 Ala. 9; *Holmes v. Bank of Fort Gaines,* 120 Ala. 493.

[Kenan v. Lindsay.]

The evidence sustained the plea of the failure of conisderation, but it does not sustain that other part of the plea,—coupled with failure of consideration,—that plaintiff discounted the note at a greater rate of interest than eight per cent. *per annum*. It was incumbent on defendant to sustain the truth of both these defenses set up and connected together as they were in one plea. *Bienville W. S. Co. v. The City of Mobile*, 125 Ala. 178.

There was no error in any of the rulings of the court, and its judgment is affirmed.

Affirmed.