[Woodall & Sons v. People's National Bank of Leesburg, Va.]

# Woodall & Sons *v.* People's National Bank of Leesburg, Va.

## *Assumpsit.*

(Decided Dec. 19, 1907.  45 So. Rep. 190.)

1. *Corporations; Foreign Corporations; What Constitutes Doing Business.*—A foreign corporation may institute a suit in this state without having a place of business or agent within the state and the act of suing is not an act of business under the statute; nor is the drawing of bills of exchange by such corporation on a drawee within the state an act of business or the tarnsaction of business, under the statute.

2. *Bills and Notes; Joinder of Causes of Action Thereon.*—Under the provisions of section 3292, Code 1896, bills of exchange or drafts like as to amount and drawee may be joined in one court.

3. *Same; Bill of Exchange.*—A written order drawn on another for a sum certain payable to the order of the drawer and chargeable to the account of the drawer is a bill of exchange.

4. *Same; Plea To; Sufficiency.*—A plea by the acceptor to a suit by a transferee of a bill of exchange asserting that the acceptor was induced to accept and sign the same through and by the fraudulent representations of the payee is a good defense, prima facie, and puts the transferee to his reply of a bona fide purchaser for value before maturity and without notice.

5. *Same; Bona Fide Purchaser.*—The purchaser of a negotiable instrument takes the same free from defenses available to the original parties where the purchase was in the usual course of business, for a valuable consideration, before maturity and without notice of the defense.

6. *Same; Usury in Transfer.*—The fact that the transfer was for a consideration at a discount greater than the usual rate of interest, although the transferor may have endorsed it, does not deprive the transferee of a bill of exchange of the protection of being a bona fide purchaser, since negotiable paper valid in the hands of the original owner may be bought and sued on as any other chattel at its real or supposed value.

7. *Same; Burden of Proof.*—The acceptor having set up by plea that he was induced to sign the acceptance by the fraudulent representations of the payee and the transferee having replied that he was a purchaser for value before maturity and without notice, the burden of proof is on him to show that the bills were purchased by him before maturity and for a valuable consideration and when this is done the burden shifts to the other party to show notice of the infirmities.

8. *Witnesses; Competency; Knowledge of Facts.*—A witness with no personal knowledge of the transaction testified to, but whose

knowledge is derived from book entries not made by him nor by anyone in his presence is incompetent to testify as to such facts.

9. *Evidence; Admissibility.*—Where the defendant sets up fraud or misrepresentation in the procurement of his acceptance of certain bills of exchange and the plaintiff replies that he is a purchaser for value without notice before maturity and proves his purchase for value before maturity, and defendant fails to show such actual knowledge or notice to the plaintiff of the infirmities in the bills of exchange, evidence as to the fraud or misrepresentation is not admissible.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Action by the Peoples' National Bank of Leesburg, Va., against H. T. Woodall & Sons, on bills of exchange. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

ARMSTEAD BROWN, for appellant. The court erred in overruling the demurrers to the complaint. There must be a separate count for each contract.—5 Ency. P. & P. 308-9. The court erred in sustaining demurrer to defendant's 6th plea.—*Slaughter v. 1st Nat. Bank,* 109 Ala. 160; *F. & M. Nat. Bank v. Dearing,* 91 U. S. 29; 5 Cyc. 592-6. The papers sued on are not negotiable commercial paper.—*Anderson v. Jones,* 102 Ala. 537; *Hayden v. Lehman,* 83 Ala. 243; *Boit v. Corr,* 54 Ala. 112; Norton on Bills & Notes, pp. 24-28. The replication should have set up that the purchase is bona fide or innocent and the court erred in overruling the demurrers thereto.—*Alabama Nat. Bank v. Halsey,* 109 Ala. 196; *Slaughter v. The Bank, supra; Wetumpka v. Wetumpka Wharf Co.,* 63 Ala. 611. Where the whole deposition relates to a paper referred to as an exhibit, such deposition will be excluded, or rather such exhibit will be excluded if not attached thereto.—6 Ency. P. & P. 603-606. Self serving depositions will be stricken out or excluded on motion.—*Banks v. Leland,* 122 Ala. 289; *Garrison v.*

37 R

*Glass,* 139 Ala. 517. Where an answer is responsive to the question asked the party asking cannot object to the answer.—*Curtis v. Parker,* 136 Ala. 217. This rule does not prohibit one party from cross examining the witness of the other party as to illegal evidence brought out by such other party without waiving the right to object. —*Scarborough v. Blackman,* 108 Ala. 656; *Morrissette v. Carr,* 118 Ala. 585. The objections can be taken after publication when the ground thereof is disclosed by the answer.—*Bentford v. Dement,* 72 Ala. 471. Illegal or irrelevant evidence may be objected to and excluded at any stage of the proceedings.—*Wilding et al. v. M. & P. Bank,* 64 Ala. 1; *Bush v. Jackson,* 24 Ala. 273; *S. H. B. & L. A. v. Riddle,* 129 Ala. 562. For these reasons, the testimony of the witness Thompson, should have been excluded.—3 Mayf. 523-4; *Brooklyn L. I. Co. v. Bledsoe,* 52 Ala. 538.

E. M. OLIVER, and R. J. HOOTEN, for appellee. The institution and prosecution of the suit is not the doing of business within the state, and section 1316, Code 1896, has no application.—*Cook v. Rome Brick Co.,* 98 Ala. 403. The several notes may be joined in one count.— *Dade v. Bishop,* Minor 163; *Byrd v. Daniel,* 9 Ala. 302. The papers were commercial.—7 Cyc. 525. Under the evidence, the bank was a holder for value.—7 Cyc. 929. The contract by which the drafts were acquired was not usurious.—*King v. Peoples Bank,* 127 Ala. 266; *Holmes v. Bank of Ft. Gaines,* 120 Ala. 493. The evidence of fraud was not sufficient.—*Townsend, et al. v. Cowles,* 31 Ala. 428. For a general discussion of the rules of negotiable paper in the hands of innocent purchasers, see *Brown v. 1st Nat. Bank,* 103 Ala. 123.

HARALSON, J.—There is no merit in the demurrers to the complaint. The institution of a suit in a court of this state by a foreign corporation is not an act of business therein, and may be done without having a place of business or an agent in this state. The mere fact of drawing notes or bills by such a corporation does not imply the transaction of business in the state.—*Cook v. Rome B. Co.*, 98 Ala. 409, 12 South. 918.

The two drafts sued on might well have been described in one count.—*Bird v. Danniel*, 9 Ala. 302; Code 1896, § 3292.

The bills or drafts in this case were each dated May 12, 1904, one payable June 1, and the other December 1, 1904. They are both alike as to amount, and differ only as to the date of payment. The first is as follows:

"$73.00                    Atlanta, Ga., May 12, 1904.

"June 1/05, pay to the order of the Southern Wholesale Jewelry Co. seventy-three dollars, value received, and charge to the account of

"Southern Wholesale Jewelry Co.,

"By O. P. Linebury, Treasurer.

"To H. T. Woodall & Son, Milltown, Ala."

Written across the face is: "Accepted 5—12—04. Payable, Roanoke, Ala. H. T. Woodall & Son." Indorsed on the back are the words: "Southern Wholesale Jewelry Co., O. P. Linebury, Treas. Transferred to the People's National Bank, for value received, this 27th day of May, 1904. [Signed] Southern Wholesale Jewelry Co., by W. E. Britt, Pres. No response."

These drafts were bills of exchange. As was said in *Anderson v. Jones*, 102 Ala. 538, 14 South. 871, of a similar paper: "The order was in writing. It was drawn by one person upon another, payable in money to a designated payee, not out of any special fund, but general-

ly, for a specific amount.   *   *   *   It has every characteristic of a bill of exchange, and we think comes within the purview of the statute."—4 A. & E. E. Law (2d Ed.) 76.

The defendant pleaded five pleas, the first, the general issue; the second, want of consideration, the third and fourth, fraud in the procurement of the notes sued on, and the fifth, failure of consideration.

The judgment entry recites, that issue was joined on these pleas. But replications, as is therein stated, were filed to pleas 2, 3, and 5 (none to the 4th), and rejoinders to replications 2, 3, and 4, and issue was joined on replications to pleas 2, 3, and 5, and on the third rejoinder to replications 2, 3 and 4.

The replications to pleas 2, 3, and 5 were, in substance, that plaintiff in the usual course of business, before the papers sued on were due, became the purchaser of said papers for a valuable consideration, without notice of the alleged want of consideration in the same, without notice of any defense to the same, and of any of the transactions alleged in said pleas. Issue was joined on these replications, as the judgment entry recites.

The defendant rejoined to replications 2, 3, and 4, first, by denying the truth of the replications; second, that plaintiff discounted and acquired said drafts, with the understanding that if the same were not paid, that the Southern Wholesale Jewelry Company should take up and pay the same, and third, that said bank did not make an absolute and bona fide purchase of said instruments, but said purchase was a conditional one.

The sum and substance of all this much pleading was, that the bank suing on these notes, and the transferee of the same, was not a bona fide purchaser of them for value, without notice of the alleged infirmity in them for fraud in their execution.

[Woodall & Sons v. People's National Bank of Leesburg, Va.]

Plea 4, upon which issue was joined by plaintiff, sets up fraudulent representations by the original payee, by which the defendant was induced to sign the bills or drafts, and presents, prima facie, a good defense, and puts on plaintiff to reply that he purchased the bills in good faith for value, before maturity, and without notice of the alleged infirmity.—*Ala. Nat. Bank v. Halsey,* 109 Ala. 196, 19 South. 522.

"It is a principle of general recognition, that a purchaser of commercial paper in the usual course of businenss, before its maturity, for a valuable consideration, having no notice of defenses that existed between the original parties, or have subsequently arisen, is a bona fide holder for value, and, as such, takes the instrument free from defenses which were available between the original parties.—Randolph on Com. Paper, § 14; 2 Daniel on Neg. Instr. 769. * * * We have gone to the extent of holding, that such purchaser is under no legal obligation to inquire of the maker whether there was any defense or any defect in the note (*Wildsmith v. Tracy,* 80 Ala. 261) ; that in his hands, the instrument is discharged of legal and equitable defenses to which it may have been subject before it came to him (*Capital City Ins. Co. v. Quinn,* 73 Ala. 560) ; that the holder of such paper, transferring it before dishonor, for value, to a bona fide purchaser, though he may have obtained it feloniously or fraudulently, can confer a title greater than he had, freed from all infirmity, and which will prevail over that of the true owner (*Blackman v. Lehman,* 63 Ala. 550, 35 Am. .Rep. 57)," and such a purchaser will be protected.—*Brown v. First Nat. Bank of Tusca.,* 103 Ala. 126, 15 South. 435.

Plaintiff's demurrer to the sixth plea was properly sustained. A negotiable paper, valid in the hands of the original holder, may be bought and sued on as any other

chattel, at its real or supposed value, and the transfer of such instrument at a discount greater than the legal rate of interest, is not usurious, although the transferror may have .indorsed it, and such discount does not deprive the transferee of the protection of a bona fide purchaser.—*King v. People's Bank,* 127 Ala. 266, 28 South. 658; *C. C. Ins. Co. v. Quinn,* 73 Ala. 558.

In *Ala. National Bank v. Halsey,* 109 Ala. 197, 19 South. 522, it was held that when the defendant pleaded he was induced to execute the note sued on, by misrepresentations made by the agent of the payee, and plaintiff replied that he purchased the note in regular course of business, for value, before its maturity, in good faith, and without notice of the alleged misrepresentations; and the evidence showed without conflict, that the note had been purchased by the plaintiff in the usual course of business, for value, and before maturity—the burden was cast on the defendant to show that plaintiff had knowledge or notice of the infirmity of the transaction, growing out of said alleged misrepresentations; and in the absence of any evidence that plaintiff had such knowledge or notice, evidence offered by the defendant to prove said alleged misrepresentations was inadmissible.

In the case before us, as we have seen, the plaintiff replied to defendant's pleas, that he was a purchaser of the bills sued on for value, before their maturity, without any notice of a want or failure of consideration in the same, without notice of any defense to the same or of any of the matters alleged in said pleas.

On this replication, the burden of proof was cast on the plaintiff to show that the bills were purchased by him before maturity, and for a valuable consideration. —*Ross v. Drinkard's Admᴇr,* 35 Ala. 434. The plaintiff undertook to do this by depositions of one Thompson.

[Evans Marble Co. v. McDonald & Co.]

On motion of the defendant, the answers to the direct interrogatories were excluded. But the court overruled the motions of defendant to exclude the answers of Thompson to the cross-interrogatories; and in this, we are of opinion, the court fell into error. It is clear, from an inspection of these answers, that the witness had no personal knowledge of the purchase of the instruments sued on, by the plaintiff, and that all the knowledge he had was derived from book entries not made by him nor by any one in his presence.

We do not find as insisted by appellants that the averments of plea 4 were proven .

Reversed and remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.