(75 South. 695)

## HUDSON v. REPTON STATE BANK.
### (1 Div. 168.)

(Court of Appeals of Alabama. May 15, 1917.)

1. BANKS AND BANKING ⊂⊃181—LOAN OR DISCOUNT—USURY.

Where money is advanced by a bank, and the transaction is in substance a loan, though in form a discount of securities, and the amount taken out for the use of the money is in excess of the legal rate of interest, the transaction is usurious under Code 1907, § 4624.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 686–700.

For other definitions, see Words and Phrases, First and Second Series, Usury.]

2. USURY ⊂⊃18—WHAT CONSTITUTES.

Where, however, the transaction is not in substance a loan, but is a bargain and sale of securities, and the obligation of the person liable on such securities is not made more burdensome, the transaction is not usurious, though the amount of the discount is in excess of the legal rate of interest.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 31–34, 36–38, 40.]

3. USURY ⊂⊃26—WHAT CONSTITUTES.

Where defendant made a note payable to a third party for sale of stock, and the third party discounted it at a bank at 32 per cent., the transaction was not as to defendant a loan of money, and did not violate Code 1907, § 4624, prohibiting usurious contracts.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 57, 58, 62.]

4. BILLS AND NOTES ⊂⊃486—ACTION—PLEADING—SUFFICIENCY.

In an action on a note, where defendant pleaded that the contract was void, a replication that the note was commercial paper complete and regular on its face, and that plaintiff purchased it in good faith in the regular course of business for value before maturity and without notice of any defects of title or defenses, is not demurrable.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1565–1574.]

5. APPEAL AND ERROR ⊂⊃1048(1)—HARMLESS ERROR.

Where defendant in a line of questions totally failed to bring out the testimony he desired, the error, if any, in ruling out the questions was harmless, since defendant was denied nothing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140, 4144.]

6. BILLS AND NOTES ⊂⊃363—ACTIONS—INSTRUCTIONS.

If a note sued on was commercial paper complete and regular on its face, which plaintiff purchased in good faith in the regular course of business for value before maturity and without notice of any defect of title or defense set up by defendant, plaintiff is entitled to recover.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 790, 791, 960, 962.]

7. BILLS AND NOTES ⊂⊃497(1)—ACTIONS—INSTRUCTIONS.

In an action on a note which plaintiff alleged he acquired in good faith and as an innocent purchaser the burden was upon the defendant to show that when plaintiff secured the note he had notice of an indorsement without consideration or indorsement procured by fraud, or that the note was otherwise defective.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1675, 1677, 1678, 1686, 1687.]

8. TRIAL ⊂⊃248—ABSTRACT INSTRUCTIONS.

In an action on a note which a bank purchased in the regular course of business the transaction not being usurious, a requested instruction that a bank which charges usury in discounting a note cannot be a bona fide purchaser was properly refused as abstract.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 582, 583.]

9. BILLS AND NOTES ⊂⊃353—ACTIONS—INSTRUCTIONS.

If the holder of a note purchased in due course of business for value before maturity without notice of the matters set up by defendant, he could recover, regardless of whether he paid the real or supposed value for the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 814, 898–903½, 906, 907.]

Appeal from Circuit Court, Monroe County; Ben D. Turner, Judge.

Suit by the Repton State Bank against P. D. Hudson upon a note. Judgment for plaintiff, and defendant appeals. Affirmed.

The note was payable to the order of "Myself," signed by P. D. Hudson, and it is alleged in the complaint that plaintiff acquired the legal title thereto in due course, before maturity, and for value, without notice. Defendant's third plea is as follows:

For further plea defendant adopts all of plea 2 so far as the same applies to fraud perpetrated on defendant by said Cadenhead, and in addition thereto, for further plea avers that at the time said Cadenhead transferred said note, which is the basis of this suit, plaintiff was a duly constituted and organized bank, engaged in the banking business at Repton, Ala., and defendant further avers that plaintiff discounted said note at the rate of, to wit, 32 per cent. per annum, which was a usurious transaction, and in violation of section 4624, Code 1907; and defend-

ant, for further plea, says, by such action plaintiff is not a bona fide holder of said note. The replication was that the promissory note, the foundation of the suit, is a commercial paper, complete and regular on its face, that plaintiff purchased same in good faith in the regular course of business for value, before maturity thereof, and without notice of any defects of title or defense set up by defendant.

The following charges were given at plaintiff's instance:

(3) If you are reasonably satisfied from the evidence that the note sued on is a commercial paper complete and regular on its face, that plaintiff purchased the same in good faith in the regular course of business for value, before maturity thereof, and without notice of any defect of title, or defense set up by defendant, you must find for plaintiff.

(5) If you believe from the evidence that plaintiff, before maturity of the note sued on, at plaintiff's place of business in the town of Repton, Ala., in good faith, bought of L. O. Cadenhead said note, indorsed in blank by defendant, and issued a certificate of deposit for $460 therefor, without notice that the indorsement was without consideration, or had been procured by fraud, or that said note had been dealt with in any manner which would impeach its validity, then the verdict should be in favor of plaintiff, and the burden is upon defendant to prove that plaintiff at the time it became the holder of the note sued on had notice that the indorsement was without consideration, or had been procured by fraud, or that the note had been dealt with in a manner which would impeach its validity.

The following charges were refused to defendant:

(X) I charge you that a bank that charges usury in the discounting of a note cannot be a bona fide purchaser.

(4) The court charges you that unless you are satisfied from the evidence that before the note was due the bank purchased it for its real or supposed value, and without knowledge of fraud perpetrated at the time it was made, and that the bank had no facts which were sufficient to put a reasonable, prudent man upon inquiry, which, if followed up, would have led to the knowledge of the fraud, you must find for defendant.

McDuffie & Sowell and Chas. L. Hybart, all of Monroeville, for appellant. J. D. Ratcliffe, of Monroeville, for appellee.

PER CURIAM. [1] The manifest purpose of section 4624, Code 1907, is to prevent banks from using the character of their business as a cloak to evade the usury laws; and where money is advanced by a bank and the transaction is in substance a loan, though in form a discount of securities, and the amount taken out for the use of the money is in excess of the legal rate of interest, the transaction is usurious. Youngblood v. Birmingham Trust Co., 95 Ala. 521, 12 South. 579, 20 L. R. A. 58, 36 Am. St. Rep. 245; Planters' Bank v. Goetter, 108 Ala. 408, 19 South. 54.

[2] Where, however, the transaction is not in substance a loan, but is a bargain and sale of securities, and the obligation of the person liable on such securities is not made more burdensome, the transaction is not usurious, though the amount of the discount is in excess of the legal rate of interest. Woodall & Son v. People's Nat. Bank, 153

Ala. 576, 45 South. 194; King v. People's Bank of Mobile, 127 Ala. 266, 28 South. 658; Holmes v. Bank of Ft. Gaines, 120 Ala. 493, 24 South. 959; Orr v. Sparkman, 120 Ala. 9, 23 South. 829; Capital City Ins. Co. v. Quinn, 73 Ala. 558; Wildsmith v. Tracy et al., 80 Ala. 258.

[3] The averments of the defendant's third plea, to which a demurrer was sustained, when construed in connection with the averments of the complaint, show that the note in question was either executed by defendant payable to Cadenhead, or made payable by defendant to himself and indorsed by him to Cadenhead in consideration of the sale of stock in an insurance company, sold by Cadenhead to defendant; and after the transaction between defendant and Cadenhead was closed, Cadenhead discounted the note at the plaintiff bank at the rate of 32 per cent. per annum. The transaction, therefore, was not a loan of money, and in no way made the obligation of the defendant more burdensome, and the transaction was not in violation of section 4624 of the Code. The demurrer to this plea was sustained without error.

[4] The replication was a complete answer to the defendant's plea, and the demurrers thereto were properly overruled. Holmes v. Bank of Ft. Gaines, supra.

[5] After the defendant had been given unlimited latitude, on cross-examination of the witness Kelly with reference to the bank's dealings, and had failed to elicit any testimony tending to put the plaintiff on notice of the alleged fraud practiced by Cadenhead on the defendant, "the court sustains objections to the questions in regard to the bank being in the habit of handling fake notes, because the evidence offered does not not show it," and to this ruling the defendant excepted. If we concede that the questions were proper, and that it was error to sustain the objection, the ruling was clearly without injury, as the defendant's efforts to bring out testimony beneficial to his defense by such questions were unavailing, and he was denied nothing by the ruling of the court.

[6, 7] Charges 3 and 5, given at the instance of the plaintiff, correctly stated the law as applicable to the issues and evidence, and were properly given. Elmore County Bank v. Avant, 189 Ala. 418, 66 South. 509.

[8] On principles herein stated and the evidence in the record, charge X refused to defendant was abstract. Charge 3 was the affirmative charge for defendant, and was properly refused.

[9] If the plaintiff purchased the note in due course of business, for value, and before maturity, without notice of the matters set up in the defendant's pleas, the plaintiff was entitled to recover, whether it paid the "real or supposed value" for the note or not. Charge 4 was therefore properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.