(91 South. 258)

### READ v. FLAKETOWN GRAPHITE CO.
### (3 Div. 524.)

(Supreme Court of Alabama. Oct. 13, 1921. Rehearing Denied Nov. 17, 1921.)

Usury ☞77 — Where original contract not usurious, payment of usurious interest did not taint it.

Under Code 1907, § 4623, providing that a borrower of money at a usurious rate of interest shall not be required to pay more than the principal sum borrowed, and the interest paid thereon must be deducted from the principal, where the original contract was not usurious, a subsequent agreement to pay usurious interest in consideration of forbearance for an indefinite time, the original contract remaining in full force, does not impart to it the taint of usury, and subsequent payments of interest will be regarded as partial payments on the debt, with interest at the legal rate.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by W. Nash Read against the Flaketown Graphite Company on a promissory note. From a judgment overruling demurrers to the plea, plaintiff takes a nonsuit and appeals. Reversed and remanded.

The following is the plea referred to:

"Comes the defendant in the above-entitled cause, and for answer to the complaint filed therein says that the said balance of said note was extended from time to time by plaintiff to the 1st day of January, 1915, at 8 per cent. interest, which was paid by defendant to plaintiff; and defendant further avers that plaintiff agreed to further extend the payment of said balance of said note to the 1st day of January, 1916, upon and for the payment to him by defendant of interest thereon for said period at the rate of 10 per cent. per annum; and defendant avers that it paid plaintiff said interest on said balance for said year 1915 at said rate of 10 per cent. per annum, amounting to the sum of $622; and defendant avers that the payment of said balance of said note was further extended from year to year by plaintiff up to and including the year 1919, under an agreement between plaintiff and defendant that it should pay him interest on said balance of said note at the rate of 10 per cent. per annum; and defendant avers that it paid plaintiff interest upon said balance of said note for each of said years at said rate of 10 per cent. per annum, amounting to the sum of $622 for each of said years; and defendant avers that the aggregate interest paid to plaintiff as aforesaid at said rate of 10 per cent. per annum is the sum of $3,110.48; and defendant avers and claims that each of said payments of interest

to plaintiff at said rate of 10 per cent. per annum was and is usurious, and that the said aggregate· interest paid at said rate must and should be deducted from the principal of said note, the said balance due thereon under the statute in such cases made and provided."

The plaintiff demurs to the defendant's plea 1 on the following grounds:

"(1) Because it is not averred in said plea that the note sued on was usurious in its inception.

"(2) Because, for aught that appears from the averments of the plea, the note sued on is a mortgage note, and is still in full force and effect.

"(3) Because the facts set up in said plea fail to show that the note sued on is tainted with usury.

"(4) Because it clearly appears from the averments of the plea that the original contract contemplated the payment of legal interest only, and that the agreement to pay the alleged usurious interest was only made after the maturity of the debt.

"(5) Because this suit is based on the original contract, and the only effect in law of the subsequent agreement to pay 10 per cent. interest is to apply the excess of said payment over the legal rate of interest as partial payment of the principal.

Rushton & Crenshaw, of Montgomery, for appellant.

A note untainted with usury at its inception is not affected by an usurious extension, after maturity. Webb on Usury, §§ 306, 307; Tyler on Usury, 532; 108 Tex. 399, 194 S. W. 1098, 3 A. L. R. 875 and note; 39 Cyc. 992–994 and notes; 138 Ark. 411, 211 S. W. 365; 95 N. Y. 340. Interest on a note valid at its inception is not rendered uncollectable under section 4623, Code 1907, by an usurious extension after maturity. 79 Ala. 76; 83 Ala. 323, 3 South. 854; 85 Ala. 368, 5 South. 164, 7 Am. St. Rep. 57; 143 Ala. 234, 38 South. 916, 5 Ann. Cas. 55; 190 Ala. 499, 67 South. 395; 201 Ala. 462, 78 South. 840; 203 Ala. 64, 82 South. 24; 17 Iowa, 64, 85 Am. Dec. 545; 3 Mackey (D. C.) 185; 79 Va. 597.

Horace Stringfellow, of Montgomery, for appellee.

All usurious interest paid must be deducted from the principal, whether charged originally or because of forbearance. 64 Ala. 532; 201 Ala. 462, 78 South. 840; 85 Ala. 368, 5 South. 164, 7 Am. St. Rep. 57; 64 Ala. 250; 1 Port. 57; 1 Saunders, 292; 111 Ala. 468, 20 South. 428; 7 Metc. (Mass.) 17.

SAYRE, J. Appellant brought this action to recover the balance due on a promissory note. Appellee pleaded the facts shown by the plea on file. Demurrer to this plea being overruled, appellant took a nonsuit, reserving the question raised by the court's ruling for decision in this court.

The ruling under review means that all payments of interest in excess of the statutory rate, whether made in pursuance of the original contract or by subsequent agreement, must be deducted from the principal—this because the statute (section 4623 of the Code) holds the following language:

"Nor shall the borrower of money at a usurious rate of interest ever in any case in law or equity be required to pay more than the principal sum borrowed, and if any interest has been paid the same must be deducted from the principal and judgment rendered for the balance only."

And appellee argues that, ·if the statute were otherwise interpreted, its purpose would be defeated, because short-time loans, and usurious interest for extensions, would become the rule. But our judgment is that in the ·case presented by the plea—a case in which the integrity of the original contract is not questioned—payments of interest in excess of the statutory rate should be credited first upon the interest at the lawful rate and any remainder upon the principal; this for the reason that the statute does not intend to impair contracts which at the time of their execution are wholly free of offense against the statute. This conclusion is supported by the reasoning of our cases. Thus in Van Beil v. Fordney, 79 Ala. 76, it was decided that, when the original transaction is not usurious, the subsequent agreement to pay illegal interest—or, we will say, the payment of illegal interest—in consideration of forbearance will not impart to the original contract the taint of usury, so long as it remains ' in force without renewal, discharge, or cancellation. In such case as this, the payment or promise to pay usury is wanting in consideration, and the original contract is not thereby affected. Dismukes v. Weed's Ex'rs, 203 Ala. 64, 82 South. 24; Bernheimer v. Gray, 201 Ala. 462, 78 South. 840; Compton v. Collins, 190 Ala. 499, 67 South. 395; Nance v. Gray, 143 Ala. 234, 38 South. 916, 5 Ann. Cas. 55; Woodall v. Kelly, 85 Ala. 368, 5 South. 164, 7 Am. St. Rep. 57; Allen v. Turnham, 83 Ala. 323, 3 South. 854. It is so held in other jurisdictions. 39 Cyc. pp. 992–994. We conclude, therefore, that the provision of section 4623 of the Code, requiring that "if any interest has been paid the same must be deducted from the principal," means any interest on an usurious contract; but the contract on which this action is brought, for aught appearing in the plea, was not usurious. On that contract defendant is entitled only to general credits for the sums paid.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.