(92 South. 252)

### WILD v. CRUM.   (3 Div. 519.)

(Supreme Court of Alabama. Jan. 19, 1922.)

1. **Usury** ☞12 — Agreement for payment of
loan held not usurious in absence of intent.

Where defendant loaned plaintiff $2,000 No-
vember 28, 1906, and received 11 notes for $13.-
33 each, payable one on the 1st day of each
succeeding month, and one for $2,013.34, pay-
able November 1, 1907, in view of testimony
by both parties that it was their intention that
the loan should bear interest at 8 per cent.,
the lawful rate, the contract was not usurious.

2. **Usury** ☞65—Contract to pay money held
usurious.

Where a contract which discharged a for-
mer contract which was not usurious was made
January 10, 1910, for the payment of $1,100
January 1, 1911, to repay $1,000 due on the
first date, in view of testimony by both parties
that the new contract was to secure the pay-
ment of interest at a rate of 10 per cent. per
annum, the contract was usurious.

3. **Principal and agent** ☞171(2)—Principal ac-
cepting benefits of usurious contract made by
agent held responsible therefor.

Where an agent acted without authority of
his principal in making a usurious contract, on
adoption of the contract by the principal and
acceptance of payments of interest thereon at
the usurious rate, the principal was responsible
for the contract at law and in equity.

4. **Usury** ☞88 — Usurious contract held not
purged by subsequent agreement not to charge
usurious interest.

Where parties to a contract calling for the
payment of usurious interest agreed that inter-
est should be paid at the legal rate, but there
was no restitution of prior payments of usuri-
ous interest, nor any credits therefor allowed
on the principal sum in accordance with Code

1907, § 4623, and some of the subsequent payments of interest were in excess of the legal rates on the sum then due computed according to the requirements of the statute, the contract for the payment of usurious interest was not purged by the subsequent agreement.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

Bill by A. R. Wild against W. B. Crum to purge a transaction of usury and to redeem from mortgage foreclosure. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

R. B. Smythe, of Greenville, and Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The original mortgage was usurious and void. Section 4623, Code 1907; 204 Ala. 93, 85 South. 375; 201 Ala. 462, 78 South. 840; 200 Ala. 672, 77 South. 46. The renewal mortgage was usurious and void. 79 Ala. 76; 83 Ala. 323, 3 South. 854; 39 Cyc. 994; 206 Ala. 611, 91 South. 258.

Joseph R. Bell, of Hayneville, and Powell & Hamilton, of Greenville, for appellee.

There was no usury in the mortgages. 200 Ala. 129, 75 South. 577; 200 Ala. 619, 76 South. 977; 201 Ala. 462, 78 South. 840; 196 Ala. 230, 72 South. 87. If the original mortgage was free from usury, it will not become tainted by a subsequent agreement to pay more than the legal rate. 201 Ala. 262, 77 South. 675; 143 Ala. 234, 38 South. 916, 5 Ann. Cas. 55.

SAYRE, J. Appellant filed the bill in this cause, praying to be relieved of the usury in appellee's mortgage contract and to redeem. The trial court overruled appellant's exceptions to the register's report, ruling in effect that there had been no usury, decreed foreclosure accordingly, and this appeal followed.

[1] There were two mortgages executed by appellant to appellee. In the first transaction, dated November 28, 1906, appellant received a loan of $2,000, for which he executed 11 notes for $13.33 each, payable one on the 1st day of each succeeding month, and one for $2,013.34, payable November 1, 1907. The parties concur in their testimony that it was their mutual intention that the loan should bear interest at 8 per cent., the lawful rate. In view of this testimony—which the trifling difference between the interest the papers purport to secure and that allowed by law is hardly sufficient to overcome—we hold the contract of November 28, 1906, to be free of the taint of usury. Ely v. McClung, 4 Port. 128; Van Beil v. Fordney. 79 Ala. 76. It follows that the account between the parties down to January 10, 1910, was correctly stated.

[2] On the date last mentioned appellant paid to appellee the sum of $1,000, raised by a sale of part of the property, and executed a new mortgage on the remainder, payable in the sum of $1,100 January 1, 1911; $1,000 being the balance due on the mortgage debt of November 28, 1906. This contract, though it secured a part of the indebtedness which had formed the consideration of the mortgage of November 28, 1906, discharged the former contract and substituted another entirely new. On the undisputed facts, the concurring testimony of the parties, this new contract intended to secure the payment of interest at the rate of 10 per cent. per annum, and, since it was a new contract, with new security, operating to cancel and discharge the original, the conclusion that it was obnoxious to the statute of usury is irresistible. Read v. Flaketown Graphite Co., 206 Ala. 611, 91 South. 258.

[3] This contract was negotiated and the papers prepared by Brook, appellee's agent. There does not seem to be any contention that Brook acted without authority in any respect; but, if he did, appellant adopted his work, and, for a time at least, accepted payments of interest thereon at the usurious rate. At law and in equity he must be held responsible for the contract, with all its intendments, so long as he stood as grantee thereunder and accepted the benefits thereof. Logan v. Chastang (Ala. Sup.) 91 South. 867;[1] Hartley v. Frederick, 191 Ala. 175, 67 South. 983.

[4] After three years the parties agreed, appellant to pay and appellee to accept interest at the legal rate, and thereafter no interest was paid at the usurious rate of the original contract—that is, the contract of January 10, 1910. This promise on the part of appellant was supported by the consideration of the loan, and, under some circumstances, would have sufficed to purge the contract of usury. Jackson v. Jones, 13 Ala. 121. But there was no restitution of usurious payments nor any credits therefor on the principal sum to carry out the mandate of the statute. Code, § 4623. Subsequent payments were made as payments of interest, and some of them were in excess of the legal rate on the sum then due computed as the statute requires. In these circumstances the rule laid down in Nicrosi v. Walker, 139 Ala. 369, 37 South. 97, and Masterson v. Grubbs, 70 Ala. 408, requires us now to hold that the contract was not purged by the subsequent agreement. From this it results that all payments of interest made on the new contract should have been credited to the principal sum, and a decree rendered allowing redemption upon the payment of the balance—$270, if we are not in error—plus a reasonable attorney's fee calculated on this basis.

---

[1] Ante, p. 52.

The decree will be reversed, and the cause remanded for a decree in accordance with the view here expressed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.