8 So.2d 213

## VALLEY MORTG. CO. v. PATTERSON.

### 8 Div. 181.

Court of Appeals of Alabama.
April 7, 1942.

Rehearing Denied May 12, 1942.

S. A. Lynne, of Decatur, for appellant.

Harris & Harris, of Decatur, for appellee.

SIMPSON, Judge.

Basis of this suit is a promissory note made by appellee, Patterson, payable to the Tennessee Valley Bank. Appellant became the lawful holder of the note after maturity and brought the present action to recover the sum due thereon.

The defense is usury, the contention being that the principal of the suit note represents, in part, usurious interest previously charged in a transaction whereby appellee, Patterson, obtained a certain sum of money from the Tennessee Valley Bank.

Appellant mortgage company, which is the transferee of the note, acquired it after maturity.

The transaction between Patterson and the Tennessee Valley Bank originated as follows: Patterson held the note of one Chunn, dated November 1, 1919, and due one year after date, in the sum of $1,566. Patterson offered this note to the bank for a ten percent discount of its face value, which the bank accepted upon the indorsement and guarantee of payment thereof by Patterson. Patterson received the amount above, less the ten percent discount agreed upon, and the bank took the note, duly indorsed by him. There were other subsequent transactions, but we deal first with the contention of usury as to this one. It is our opinion that there was no usury in this sale and assignment of the note.

There is a divergence of opinion elsewhere, but our courts have consistently ruled that such a transaction is a valid sale of a chattel, with warranty of its soundness, and the purchaser may enforce the obligation to its full extent against his indorser. 66 C.J., p. 188, § 85cc.

The rule was first given expression in Saltmarsh v. Planters' & Merchants' Bank, 17 Ala. 761, to-wit: "A note or bill, which in the hands of the holder is a valid debt, may be bought or sold as any other chattel at its real or supposed value, and the transfer of such a note or bill at a discount beyond the legal rate of interest is not usurious, although the holder may endorse it, unless the transaction was a mere device to evade the statute against usury."

There have been many decisions since, among which are Capital City Ins. Co. v. Quinn, 73 Ala. 558; King v. People's Bank, 127 Ala. 266, 28 So. 658; Hart v. Adler, 109 Ala. 467, 19 So. 894; Scott v. Taul, 115 Ala. 529, 22 So. 447; Woodall & Sons v. People's Nat. Bank, 153 Ala. 576, 45 So. 194; Orr v. Sparkman, 120 Ala. 9, 23 So. 829; Holmes v. Bank of Ft. Gaines, 120 Ala. 493, 24 So. 959; Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 40, 48 A.L.R. 1437.

The precise statement, by the now Mr. Chief Justice Gardner of our Supreme

Court, in the Tarwater case is quite applicable: "The mere fact that plaintiff purchased the note at a discount beyond the legal rate of interest does not constitute the transaction an usurious one."

■ The contention is untenable that Code 1940, Title 9, Sec. 66, Code 1907, Sec. 4624, forbidding the discounting by a banker of notes, etc., at a higher rate of interest than eight percent per annum, renders this transaction usurious.

· The term discount, as used in the statute, does not comprehend or affect the sale of commercial paper at its market value. Saltmarsh, Tarwater, and other cases, supra.

Discount, as there employed, presupposes a loan or advance. As defined in Corpus Juris Secundum (vol. 9, Banks and Banking, § 383): "A discount is a transaction by which a bank, in making a loan on a promissory note or other paper, deducts the interest in advance, so that the borrower receives only the face value of the obligation less the interest on such face value from the time when the loan is negotiated, until its maturity."

The distinction is very well illustrated in our own case of Hudson v. Repton State Bank, 16 Ala.App. 101, 75 So. 695, 696: "The manifest purpose of section 4624, Code 1907 [now Sec. 66, Title 9, Code 1940], is to prevent banks from using the character of their business as a cloak to evade the usury laws; and where money is advanced by a bank and the transaction is in substance a loan, though in form a discount of securities, and the amount taken out for the use of the money is in excess of the legal rate of interest, the transaction is usurious. * * * Where, however, the transaction is not in substance a loan, but is a bargain and sale of securities, and the obligation of the person liable on such securities is not made more burdensome, the transaction is not usurious, though the amount of the discount is in excess of the legal rate of interest."

We construe the transaction, above, to have been, not one of a loan or advance of money, but a bargain and sale of a negotiable security.

The finding below was opposed to this conclusion, that court having concluded that usury prevailed in the procurement of the money. A reversal of the judgment must therefore be ordered as a result of this erroneous ruling.

But, other transactions proceeded from the original one, hereinabove described, and it is clear to us that these subsequent transactions were infected with usury, which precluded the allowance and collection of interest on the obligation represented thereby.

■ Briefly stated, these later transactions, which finally resulted in the note now sued on, were: There was default in payment of the original Chunn-Patterson note, above, when it matured. The bank forbore collection and allowed a renewal of this obligation by the execution of a new note, between the same parties, for an extended time, but on this new note there was added to the $1,566 principal interest at the rate of ten percent per annum. This was clearly an inclusion in a new obligation or contract of usurious interest for the bank's consent to forbear collection of the original one. This is denounced by our usury statute, to-wit: "All contracts for the payment of interest upon the loan or *forbearance* of goods, money, things in action, or upon any contract whatever, at a higher rate than is prescribed in this chapter, are usurious." (Emphasis supplied.) Title 9, Sec. 65, Code 1940.

This second, renewal note was similarly renewed from time to time by the cancellation and discharge of the old and the execution of new notes, and in each renewal note there was included in and added to the face of the last succeeding note interest at the rate of ten percent per annum. After several such renewals, the appellee, Patterson, took up the last renewed note by substituting his own personal note, payable to the Tennessee Valley Bank. This last-named note was executed September 19, 1923, and payable November 15, 1923. The amount of this note was $2,082.75 and represented the principal of the last Chunn-Patterson note, for which it was being substituted, and an additional sum of ten percent interest per annum thereon. There is some dispute about the interest charge upon the last above mentioned note of Patterson, but simple computation leads us to the conclusion that the interest included in the $2,082.75 note was ten percent.

This note, last mentioned, of Patterson to the bank was renewed from time to time until, finally, the transaction ended in the Patterson-Tennessee Valley Bank note upon which the present action is predicated.

There is no doubt about the correctness of our holding that the subsequent transactions, after the sale and transfer of the original Chunn-Patterson note to the bank, were usurious.

■ We have given full cognizance to the rule that, where the original contract was not usurious, a subsequent agreement to pay usurious interest in consideration of forbearance for an indefinite time, the original contract remaining in full force, does not impart to it the taint of usury. M. N. Goodgame et al. v. Callie Dawson, 242 Ala. 499, 7 So.2d 77; Read v. Flaketown Graphite Co., 206 Ala. 611, 91 So. 258; Van Beil v. Fordney, 79 Ala. 76.

But here the situation is entirely different. The original contract, the first Chunn-Patterson note,. did not remain in full force and effect. That note had been fully discharged and satisfied, shortly after its maturity, by the execution of an entirely new contract (note), expressing a new consideration and in which was included the ten percent per annum interest charge. From there on, usury tainted the transaction.

The cases, above, which affirm that an agreement to pay usurious interest in consideration of a forbearance on the original contract does not taint the contract with usury, specifically recognize and state that the original contract must still remain "in force without renewal, discharge or cancellation." Goodgame and other cases, cited supra.

The converse, of course, is equally true; that where the original contract has been discharged and cancelled by the execution, as here, of a new contract, bearing an illegal and usurious rate of interest, the new contract is tainted with usury.

The principle here controlling is expressed in Corpus Juris as follows: "A contract for the extension or renewal of a valid obligation at an illegal rate of interest is usurious in so far as such renewal or extension is concerned" 66 C.J., p. 245, § 196; and in Ruling Case Law, to-wit: "Exacting a premium on the renewal of an obligation beyond the amount due with legal interest renders the new security usurious" 27 R.C.L., p. 249, Sec. 53.

The case of Wild v. Crum, 207 Ala. 132, 92 So. 252, directly supports our conclusion. It was there held that,. though the original contract was free of usury, the new contract at the rate of ten percent per annum, "operating to cancel and discharge the original," was "obnoxious to the statute of usury." 207 Ala. at page 133, 92 So. at page 252.

The identical situation prevails in the case at bar as to the contracts subsequent to the maturity of the original Chunn-Patterson note.

■ Concededly, of course, usury, having once tainted the contract, continues to pervade the transaction throughout. And this regardless of renewals or the change in form of the debt, so long as the original usurious obligation continues to exist, based upon a consideration in which usury inheres. Goodgame v. Dawson, supra; Davis v. Elba Bank & Trust Co., 216 Ala. 632, 114 So. 211; King v. Perry Ins. & Trust Co., 57 Ala. 118; 66 C.J., p. 249, § 203, p. 256, § 219(3), p. 258, § 222.

■ It results that the appellant is entitled to recover the amount due by the original Chunn-Patterson note including such legal interest as is due up to the date of the surrender and cancellation of said note by the substitution of the renewal, usurious one. A reasonable attorney's fee, as provided in the note, is also due to be included in the recovery. Interest upon the subsequent notes is forfeited and payments made upon them are entitled to be credited against the debt. Code 1940, Title 9, Sec. 65.

The judgment is reversed and remanded for action in conformity herewith.

Reversed and remanded.